[No. 10716.    Department Two.    October 7, 1913.]

FRANK G. ABBOTT *et al.*, *Respondents*, v. THE CITY OF SPOKANE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—CONFIRMATION—PROCEEDINGS. An assessment roll may be confirmed by resolution, under Rem. & Bal. Code, § 7532, providing that the city council shall confirm an assessment roll by resolution or ordinance, in conformity with the charter of such city, and § 67 of Spokane city charter, providing that the council shall pass an order approving and confirming the same.

SAME—PUBLIC IMPROVEMENTS—CONTRACTS—CONFIRMATION OF ASSESSMENTS. Where a city charter authorized the confirmation of an assessment roll by resolution, and the ordinance authorizing the work provided that the assessment should be made in accordance with the provisions of the charter and ordinances, a contract referring in terms to such ordinance and providing that it shall take effect upon confirmation of the assessment roll, does not contemplate that the confirmation shall be by ordinance, as provided in another city ordinance to which no reference was made in the contract, since the parties could have made such ordinance a part of the contract by reference if that was intended, or contracted for confirmation by a particular method.

MUNICIPAL CORPORATIONS — CLAIMS — NECESSITY — DAMAGES FROM BREACH OF CONTRACT. A charter provision requiring the presentation of all claims for damages for personal injuries or for injuries to property sustained by reason of alleged negligence or any act of the city or its officers, agents, or servants, does not require a claim for damages by reason of breach of contract for a public improvement.

[1]Reported in 135 Pac. 483.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 15, 1912, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*H. M. Stephens, Wm. E. Richardson,* and *Bruce Blake,* for appellant.

*Morrill, Chester & Skuse,* for respondents.

MAIN, J.—This is an action for damages for the breach of a contract. On September 26, 1910, the board of public works of the city of Spokane submitted to the members of the city council plans and specifications for the improvement of a portion of Twentieth avenue, and other streets of the city. On the 11th day of October, 1910, the city council passed Ordinance No. A-5,690, directing that the improvement be made, and creating an assessment district for the purpose of paying the expense thereof. On the same day, the city council passed a resolution directing the board of public works to advertise for bids for the making of the improvement and to enter into a contract therefor. On November 3, 1910, the plaintiffs and the defendant entered into a written contract whereby the plaintiffs were to perform the work and furnish the material for the improvement. The contract provided that it should not be binding upon the city until the assessment roll provided for in Ordinance No. A-5,690 should be confirmed by the city council. Thereupon the board of public works prepared an assessment roll which was submitted to the city council on the 27th day of December, 1910. On the 14th day of January, 1911, the city council directed the city clerk to give notice as required by law that objections to the roll would be heard at 8 o'clock p. m. on the 14th day of February, 1911, and on the latter date the city council passed a resolution confirming the roll. Thereafter the city refused to proceed further with the improvement, and on July 19, 1911, gave formal notice to the contractors that the contract was nullified; and the present action was begun.

There is no dispute as to the amount of the recovery, provided the plaintiffs are legally entitled to damages. The cause was tried to the court without a jury. Judgment was entered for the plaintiffs in the sum of $4,044.55. The defendant has appealed.

Two questions are presented for determination: First, did the contract become a binding obligation upon the approval of the assessment roll by resolution on February 14, 1911; and second, was the presentation of a claim to the city council necessary as a condition precedent to the right to maintain the action?

I. To determine the question whether the city council had power to confirm an assessment roll by resolution, reference must be made to the statute, the charter of the city in force at the time the contract was executed, and the previous holdings of this court.

With reference to the confirmation of an assessment roll, Rem. & Bal. Code, § 7532, provides that the council, "shall confirm the sale, [roll] as corrected, by resolution or ordinance, in conformity with the charter of such city . . ." From this statute, it appears, that the legislature delegated to the city the right to determine by its charter the manner of confirmation. Section 67 of the charter of the city of Spokane, in force at the time the contract was executed, provided:

"And such council shall pass an order approving and confirming said proceedings and said assessment as corrected by them, and the decision and order shall be a final determination of the legality, validity and correctness of said assessment, to the amount thereof levied on each lot or parcel of land."

By this provision of the charter, an assessment roll might be confirmed by an order approving and confirming the same. In *Real Estate Inv. Co. v. Spokane*, 59 Wash. 416, 109 Pac. 1057, the court held that the power which existed in the city council was by virtue of the charter and general law, and that

an assessment roll might be confirmed, either by resolution or ordinance. It was there said:

"The power of the council must rest upon the charter and the general law so far as it has assumed to declare the attendant procedure, and when the council has, either by resolution or ordinance, approved the roll, it is conclusive so far as the objecting property owner is concerned; for the object of the 1901 law in this regard is to fix the time and the fact rather than the manner of the council's doings."

It would seem that this decision is conclusive upon the question here presented, unless, by virtue of the contract upon which the action is based, the rule of that case should not apply.

It is argued that, since the contract by its terms referred to Ordinance No. A-5,690, which was the improvement ordinance, and made the provisions thereof a part of the contract, and that this ordinance provided that the assessment should be made and all things pertaining thereto done in accordance with the provisions of the charter and ordinances, that then Ordinance No. A-1,088, which provided that confirmation should be by ordinance, became a part of the contract. But we think this proposition cannot be upheld. Had the parties to the contract contemplated a confirmation in a particular manner, rather than by any legal mode, they doubtless would have employed language by which such understanding would have been specifically set forth. No reference to Ordinance No. A-1,088 is made in the contract. Had it been intended that the provisions of this ordinance should become a part of the contract, it would have been easy to have made reference thereto, giving it that effect.

II. Whether the presentation of a claim is necessary as a condition precedent to the right to maintain the action, must be determined by reference to the charter of the city. Section 115 of the Spokane charter provides: That "all persons having claims for damages for personal injuries or for injuries to property sustained by reason of alleged negli-

gence or any act of the city, or any officer, agent, servant or employee of the city, must present such claims to the council within thirty days after such injury or damage." By the plain language of this charter provision, it does not apply to the present action.

Our attention is called to the case of *International Contract Co. v. Seattle*, 69 Wash. 390, 125 Pac. 152, as sustaining the proposition that a claim must be filed. But the charter provision of the city of Seattle there under consideration is so different from that of the city of Spokane as to make that case not an authority in the present case.

The judgment will be affirmed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.