[No. 10421.   Department One.   July 25, 1912.]

INTERNATIONAL CONTRACT COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—FILING—BREACH OF CONTRACT. Seattle Charter, art. 4, § 29, providing that all claims for damages against the city must be presented to the city council and filed with the city clerk within thirty days after the time when such claim for damages accrues, all such claims to accurately locate and describe the defect that caused the injury, applies to actions for damages arising *ex contractu* as well as *ex delicto*, and bars an action for damages by a contractor for expense incurred and loss of profits through breach of contract, where no claim therefor was filed within the time limit.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 3, 1912, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*Preston & Thorgrimson*, for appellant.

*James E. Bradford* and *Howard M. Findley*, for respondent.

CHADWICK, J.—A contract was let to the appellant to do certain street work in the city of Seattle.   The work was to be done under the special assessment plan, and was to be paid for in the main out of the special fund so to be raised. Appellant went to some expense in preparing for the work, and pursuant to its contract, entered upon its execution. The work was materially interrupted, and finally stopped by the city on account of objections by interested property

[1]Reported in 125 Pac. 152.

owners.  A suit was brought by appellant, claiming damages
for expense incurred and loss of profits.  The trial court
found that appellant had been actually damaged in the sum
of $1,294.08, but held that, under the charter provision re-
lating to claims against the city, it could not recover.  The
provision is as follows:

"All claims for damages against the city must be pre-
sented to the city council and filed with the clerk within thirty
days after the time when such claim for damages accrued,
and no ordinance shall be passed allowing any such claim
or any part thereof, or appropriating money or other prop-
erty to pay or satisfy the same or any part thereof, until
such claim has first been referred to the proper department,
nor until such department has made its report to the city
council thereon, pursuant to such reference.  All such claims
for damages must accurately locate and describe the defect
that caused the injury, accurately describe the injury, give
the residence for one year last past of claimant, contain the
items of damages claimed, and be sworn to by the claimant.
No action shall be maintained against the city for any claim
for damages until the same has been presented to the city
council and sixty days have elapsed after such presentation."
Seattle Charter, art. 4, § 29.

It is contended by appellant that its claim arises *ex con-
tractu*, and under the authority of *Sheafe v. Seattle*, 18
Wash. 298, 51 Pac. 385, its right of action does not depend
upon filing a claim within the time limited or at all; that the
cases of *Jurey v. Seattle*, 50 Wash. 272, 97 Pac. 107, and
*Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025, which are
relied on by respondent and which it is evident the trial
judge followed, apply only to cases arising *ex delicto*.  An
extended discussion of the question whether the claim is one
*ex contractu* or *ex delicto* is made in the briefs.  This we shall
not follow for, notwithstanding the belief of the writer of
this opinion that the charter was not intended to cover
claims for damages arising from a breach of contract to
which the city was a party, the law seems to be settled to
the contrary.  Construing the same charter provision, this

court pronounced the decisions in *Postel v. Seattle* and *Jurey v. Seattle*. We have no doubt of the intention of the court to hold in the *Postel* case that all claims for damages whether sounding in tort or contract, must be presented within the time and in the manner there provided. It is there said:

"The trial court held that this section of the city's charter requires claims for damages of all kinds against the city to be presented to the city council and filed with the city clerk within thirty days after the time when such claim accrues, before an action can be commenced thereon; and since the appellant did not file his claim until some five months after its accrual, it was barred by this provision of the charter. Against this ruling, the appellant makes two contentions: first, that this provision does not apply to this character of claim; and second, if it does so apply, it is void because a reasonable time within which to present such claims is not allowed by it. With regard to the first question, we think there can be but little doubt that the charter provision requires claims of this character to be presented to the city council and filed with the clerk. The language used is 'all claims for damages,' and this admits of no exception."

The attention of the court to the extremity of its holding was challenged by Judge Rudkin, who took occasion to dissent upon the very ground that, under this decision, claims of whatever character must be filed in manner and form as provided in the charter. A like ruling was made in the *Jurey* case, where it was held that a breach of duty, the wrongful diversion of a special fund, and wilful failure to collect the same, sounded in tort, and that a claim must be filed within thirty days. In the *Postel* as well as the *Jurey* case, the city violated a positive duty to protect the property of the citizen and to collect and distribute to him that which was his lawful due under a positive contract. We see no difference in principle between these cases and the one at bar. Here the city stopped the work after appellant had gone to the expense of equipping itself to carry out its

contract, and has as effectually destroyed the fund as was done in the *Jurey* case.

The case of *Giuricevic v. Tacoma*, 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533, which was followed in *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac. 113, is relied on by appellant. It was said in the *Giuricevic* case that the *Postel* case is "distinguishable." This is repeated in the *Wolpers* case. These cases go no further, as is said in the *Wolpers* case, than to hold that the charter provision will not be held to apply where the relation of master and servant exists.

The decision of the lower court seeming to be in harmony with previous pronouncements of this court, its judgment is affirmed.

Gose, Parker, and Crow, JJ., concur.