[No. 10421. Department One. August 11, 1913.]

INTERNATIONAL CONTRACT COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—PRESENTATION—NECESSITY. Seattle charter, art. 4, § 29, requiring "all claims for damages" to be filed, as a condition precedent to action, includes claims for damages arising out of breach of contract when proof of damages independent of the contract must be made; notwithstanding that other portions of the section respecting the details of the notice are applicable only to claims for personal injuries.

SAME—TIME FOR FILING—ACCRUAL OF DAMAGES. Under Seattle charter, art. 4, § 29, requiring all claims for damages to be filed with-

¹Reported in 134 Pac. 502.

in thirty days after the damages accrue, the time for filing a claim
for breach of contract does not begin to run from the date of a
refusal to pay damages, but from the time of the actual accrual
thereof.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered February 3, 1912; upon findings
in favor of the defendant, after a trial on the merits before
the court without a jury, in an action on contract. Affirmed.

*Preston & Thorgrimson,* for appellant.

*James E. Bradford* and *Howard M. Findley,* for respond-
ent.

On Rehearing.

Per Curiam.—The court has reconsidered the question dis-
cussed in the original opinion, 69 Wash. 390, 125 Pac. 152.

In the petition for rehearing it is insisted that the case of
*Sheafe v. Seattle,* 18 Wash. 298, 51 Pac. 385, is controlling.
That case as well as the case of *German-American Sav. Bank
v. Spokane,* 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259,
was overruled in *Jurey v. Seattle,* 50 Wash. 272, 97 Pac. 107.
In the *Jurey* case and in *Postel v. Seattle,* 41 Wash. 432, 83
Pac. 1025, the court refused to qualify the words of the
charter, "all claims for damages." Seattle Charter, art. 4,
§ 29.

Notwithstanding the able argument made to sustain the
proposition that the charter was intended to and does apply
to actions of tort only, we think that it would be an unwar-
ranted departure from accepted rules of construction to so
hold. Actions for damages may arise *ex contractu* as well as
*ex delicto,* and the phrase "all claims for damages" is suffi-
ciently comprehensive to include such claims, whatever their
origin. There is a difference between an action on contract
and a claim for damages arising out of a breach of a contract.
In the instant case, the suit is not upon contract, but is in‹
dependent of it. The test is, whether the proof of the con-
tract and a breach thereof would make out a *prima facie*

case. If so, no claim need be filed. If proof of damages independent of the contract must be made, the case falls within the words of the charter, and must fail if the claim is not presented. Courts should not write exceptions into the statute law where the legislative body has not.

It is said that the words "*All such* claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury. . . ." indicate a purpose to limit the conditions there imposed to personal injury cases. This argument was met in the *Postel* case, where it is said:

"True, other portions of the section would seem to be more appropriate to claims of another character than this, but this cannot be held to do away with the general requirement. In presenting claims, the details provided by the charter provision need only be followed in so far as they are applicable to the particular claim, but the general provision requiring claims for damages to be presented is applicable to all claims, and can be followed in every instance."

One question that was raised and not discussed at the former hearing is that, if it be held that it was necessary to file a claim, it was in fact filed. More than thirty days after the alleged damages had accrued, the city paid the amount due on the contract, and, as it is alleged, refused to pay the claim for damages. Within fifteen days thereafter, a claim for damages was filed. It is contended that the city did not suffer any loss or inconvenience by reason of the fact that no claim was filed, and that a claim should not properly be filed until the city had refused to pay damages for its breach of the contract. The fault with this reasoning is that the charter provides, in terms, that a claim must be filed within thirty days after the damages have accrued; and further, because the city is not bound to act until a formal claim has been presented. It may be that the refusal of the city to pay the damages was because no claim had been presented. If counsels' reasoning be good, a demand and refusal in such cases

would start the special statute of limitations, or the charter limitation as in this case, to running anew, irrespective of the time the damages accrued.

Neither does it follow that a claim must be filed for every breach and in all cases. It may be so as a general proposition, but if the damages are of such nature that they may be called continuing, a claim filed even before all the damages have been suffered, if in form to cover prospective damages, has been held sufficient to satisfy the law. *Hieber v. Spokane,* 73 Wash. 122, 131 Pac. 478.

The majority of the court adheres to its former holding. The judgment is affirmed.