[No. 12691. Department One. June 24, 1915.]

ARTHUR LENHART, *Appellant*, v. THE CITY OF HOQUIAM, *Respondent.*[1]

MUNICIPAL CORPORATIONS—ACTIONS—CLAIMS—PRESENTATION. Under Rem. & Bal. Code, § 7998, requiring all claims for damages against a city of the third class to be filed within thirty days from the time when the claim accrued, all such claims to accurately locate and describe the defect that caused the injury, etc., and that no action shall be maintained for any claim for damages until the same is presented and sixty days have elapsed, it is necessary to file a claim either in actions *ex delicto* or *ex contractu* before the action can be maintained.

SAME—ACTIONS—COMPLAINT—CONSTRUCTION. An allegation that a city is a municipal corporation and was a city of the third class at the time plaintiff's first cause of action accrued and subsequent thereto, is an allegation that it is a city of the third class.

SAME—ACTIONS—PLEADING — CONDITIONS PRECEDENT — DEMURRER. Where the presentation of a claim against a city is a condition precedent to action, failure to file the claim is not a subject of defense, but must be alleged and may be taken advantage of by demurrer.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered September 16, 1914, upon sustaining a demurrer to the complaint, dismissing an action for breach of contract and for damages. Affirmed.

*Arthur Lenhart*, for appellant.

*Sidney Moor Heath* and *James P. H. Callahan*, for respondent.

MOUNT, J.—The trial court sustained a demurrer to the plaintiff's complaint in this action. The plaintiff elected to stand upon the allegations of the complaint, and the action was dismissed. This appeal followed.

The complaint states two causes of action. The first cause of action is to the effect that in June, 1910, the plaintiff leased to the defendant city a certain tract of land for a

[1]Reported in 149 Pac. 650.

period of one year from the first day of July, 1910; that the
defendant entered upon the land in pursuance of the lease
and used the land as a garbage dump until the first day of
July, 1911; that, as a part consideration for the lease, the
defendant agreed to burn or bury certain garbage deposited
upon the land. It is then alleged that the defendant did not
bury or burn said garbage, and did not surrender the land
at the expiration of the lease, to the plaintiff's damage in
the sum of $300.

The second cause of action is to the effect that, after the
first day of July, 1911, the defendant occupied the land and
used the same for the purpose of a garbage dump; that the
defendant agreed to pay the plaintiff the reasonable value for
the use and occupation of the land; that $25 per month is
the reasonable value for the use of the land; that there is due
and owing from the defendant the sum of $800 for the use
of the land; that on the 2d day of May, 1914, the plaintiff
notified the defendant to vacate and quit the use of the land,
but the defendant refused to quit and surrender the posses-
sion, and dumped dead horses and other animal offal and
refuse upon the land, to the plaintiff's damage in the sum of
$100. There is no allegation, in either the first or the second
cause of action, that any claim has been presented to the
city of Hoquiam and disallowed by the city. The statute
provides at § 7998, Rem. & Bal. Code (P. C. 77 § 57), as
follows:

"All claims for damages against any city or town of the
second, third or fourth class must be presented to the city
or town council and filed with the city or town clerk
within thirty days after the time when such claim for
damages accrued, and no ordinance or resolution shall
be passed allowing such claim or any part thereof, or
appropriating any money or other property to pay or satisfy
the same or any part thereof, until such claim has first been
referred to the proper department or committee, nor until
such department or committee has made its report to the
council thereon pursuant to such reference. All such claims

for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury and state the time when the same occurred, give the residence for six months last past of claimant, contain the items of damages claimed and be sworn to by the claimant. No action shall be maintained against any such city or town for any claim for damages until the same has been presented to the council and sixty days have elapsed after such presentation."

This court has frequently held that this and similar statutes are mandatory, and that it is necessary to file a claim with the city, either in actions *ex delicto* or *ex contractu*, before an action can be maintained thereon. *International Contract Co. v. Seattle*, 69 Wash. 390, 125 Pac. 152; the same case on rehearing, 74 Wash. 662, 134 Pac. 502; *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365; *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.), 840; *Benson v. Seattle*, 78 Wash. 541, 139 Pac. 501; *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820.

The appellant seeks to evade the force of the statute by saying that the complaint does not show that the city of Hoquiam is a city of the third class. But the first allegation of the amended complaint states:

"That defendant is a municipal corporation, duly incorporated and existing under the laws of the state of Washington, and, on the 25th day of June, 1910, and for several months prior, and also subsequent thereto, was a city of the third class."

This is clearly an allegation that the city of Hoquiam is, and was at the time these damages accrued, a city of the third class.

It is also claimed by the appellant that the failure to file a claim was a subject for defense, and not a ground of demurrer. But it is plain from the statute quoted that the plaintiff in such a case must allege facts showing that he is entitled to recover. It was therefore necessary for him to allege and prove that a claim had been presented to the city council within thirty days after the time when such claim for damages

accrued, and that such claim was rejected. Not having done so, the complaint does not state a cause of action.

· The judgment of the trial court is therefore affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and CHADWICK, JJ., concur.