[No. 13410. Department Two. November 22, 1916.]

JOHN WALDY, *Respondent and Cross-Appellant*, v. THE CITY OF SEATTLE, *Appellant*, CEDAR LAKE LOGGING COMPANY, *Defendant*.[1]

APPEAL—RECORD—EXHIBITS. Exhibits cannot be made a part of the record by being included in or attached to the clerk's transcript, but must be brought up by statement of facts or bill of exceptions.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACT—AUTHORITY—ORDINANCE. An ordinance authorizing the board of public works to construct a railroad in accordance with plans and specifications to be prepared by the city engineer is broad enough to include authority to repair and reconstruct portions of the roadbed that had been damaged or destroyed by a thaw.

SAME—PUBLIC IMPROVEMENTS—CONTRACT—PERFORMANCE — EXTRA WORK—ACCEPTANCE—PRESUMPTION. In an action to recover for extra work on a city contract, the city cannot set up that the price therefor was not first agreed upon, as required by the contract, where the findings were silent on that subject and the presumption was that the city engineer had performed his duty in that respect; especially where the work was performed for a price fixed in the contract for extra work providing no price could be agreed upon in writing, and the work was accepted by the city.

SAME—"CLAIMS FOR DAMAGES"— FILING — ACTION ON CONTRACT. Where a contract for city work was entered into and performed, and the contractor sued for the balance due thereon, the action is on

[1] Reported in 161 Pac. 65.

contract, and not for damages arising out of the breach thereof; hence a claim for damages is not a condition precedent to action under a charter provision requiring "all claims for damages" to be filed as therein provided.

SAME—PUBLIC IMPROVEMENT—CONTRACT—ASSIGNMENT — FINDINGS —SUFFICIENCY. Findings that an assignee of a city contract and the city engineer, who had control of the work, jointly hired plaintiff to perform the extra work required to complete the work, which was done at the price called for in the contract, are reasonably susceptible of the construction that plaintiff was assignee of the contract, and hence entitled to maintain an action against the city for the balance due him on the contract.

Cross-appeals from a judgment of the superior court for King county, Dykeman, J., entered November 20, 1915, upon findings in favor of the plaintiff as against one defendant, in an action on contract, tried to the court. Affirmed.

*Hugh M. Caldwell* and *James A. Dougan,* for appellant.

*Vanderveer & Cummings* and *H. McC. Billingsley,* for respondent.

MAIN, J.—This is an action upon a contract to recover for labor performed and material furnished to the defendant the city of Seattle. The trial resulted in a judgment for the sum of $4,990.47 against the city, and a judgment of dismissal as to the other defendant, Cedar Lake Logging Company. From this judgment, the city appeals, and the plaintiff appeals from that portion of the judgment which dismisses the action against the logging company.

The case is here to be considered upon the findings of fact, conclusions of law, and judgment. No statement of facts or bill of exceptions has been filed. There appears attached to the back of the clerk's transcript certain exhibits which were introduced in evidence during the trial in the superior court. These are no part of the record. Without assembling the case, it may be stated that, under the repeated holdings of this court, exhibits are not made a part of the record by being included in, or attached to, the clerk's transcript, but

must be brought here as a part of the statement of facts or bill of exceptions.

The facts as they appear in the findings, so far as here necessary to be set out, are, in substance, as follows: On February 13, 1912, the city of Seattle passed an ordinance, No. 28,898, authorizing and directing the board of public works to construct a railroad on the right of way belonging to the city from a connection with the existing municipal railway in Section 26, Township 23 north, Range 8 east, W. M. and the Chicago, Milwaukee & St. Paul Railroad to the site of the city masonry dam in King county. For this purpose, the ordinance appropriated the sum of $50,000 to be used by the board of public works.

On February 20, 1912, the board of public works referred the ordinance to the city engineer, and instructed him to prepare plans and specifications for the construction of the railroad. Thereafter, and on the 8th day of March, 1912, the city engineer reported to the board of public works his plans and specifications which were, on that date, approved and adopted. On October 4, 1912, the city engineer was authorized and instructed by the board to construct a railroad according to the plans and specifications. The city engineer, in pursuance to this authority, commenced the construction of the railroad, and cleared, grubbed and partly graded the roadbed for the same. On March 18, 1913, the board of public works entered into a contract with the Northwest Lumber Company for the completion of the railroad by that company upon the roadbed prepared by the city engineer. Under this contract the lumber company was to surface the roadbed, lay the ties and rails, and do the ballasting. This work was to be done under the supervision, direction, and control of the city engineer. Thereafter, and apparently before any work had been done under the contract, it was assigned to the Cedar Lake Logging Company. This company commenced the construction of the railroad upon the roadbed as prepared by the city engineer.

In grading the roadbed, the city engineer had constructed the same upon frozen ground, and had made the fills and embankments by the use of frozen earth, ice, snow, brush, and other material unfit for a permanent roadbed. After the respondent and cross-appellant, who will be referred to as the respondent, as subcontractor for the Cedar Lake Logging Company, had laid a part of the ties and rails upon the roadbed, and had surfaced and ballasted the same, the roadbed began to sink and slide by reason of a thaw, and such portion of the track as the respondent had laid became, and was, in imminent danger of being lost and destroyed. The portion of the grade upon which ties and rails had not been laid likewise began to sink and slide, rendering it impossible for the work under the contract to be pursued.

According to the recital in the findings, the Cedar Lake Logging Company and the city of Seattle, through its city engineer, jointly and severally hired the respondent to perform the work of regrading the roadbed, and reballasting the track where necessary, and relaying the ties and rails, all under the direction and control of the city engineer. For this work, actual cost plus ten per cent for personal supervision thereof was to be allowed.

The contract under which the Cedar Lake Logging Company was to do the work recited that:

"In case any extra work is required for which a price has not been included in the contract for this improvement, the same shall not be begun until a price therefor shall have been agreed upon in writing, by the contractor and the city engineer. If for any reason the same extra work cannot be performed at an agreed upon price, it will be paid for at the actual cost of all labor and material required, together with ten per cent additional."

After the work which the respondent was required to do had been performed, he was paid on account thereof the sum of $1,320.07. Further payment being refused, this action was brought to recover the balance, and resulted in the judgment above indicated.

The appellant, in its brief, makes four points, distinctly and separately stated. These will be considered in the order in which they appear in the brief.

The first point is that, since the ordinance provided for the construction of the roadbed, the reconstruction made necessary by the thaw was not within the scope of the ordinance, and, therefore in making such reconstruction, it was done without authority of the city council. The ordinance provided that the board of public works "be, and it is, hereby authorized and directed to construct a railroad . . . in accordance with the plans to be prepared by the city engineer." Seattle Ordinance, No. 28,898, § 1.

It would be too narrow a construction to place upon this ordinance to hold that, after a portion of the work had been performed and, for any reason, was damaged or destroyed, there was no authority to repair or rebuild. If that construction were given to the ordinance, then, in case any portion of the work were damaged or destroyed before it could be repaired or reconstructed, it would be necessary to go back and have the city council pass another ordinance authorizing such repair or reconstruction. It seems plain that the ordinance should not be given this construction. If our construction of the ordinance be the proper one, the case of *Arnott v. Spokane*, 6 Wash. 442, 33 Pac. 1063, and other cases cited by the appellant are not applicable.

The second point is that the contract between the city and the Cedar Lake Logging Company provided a method by which the price of extra work was to be determined; and that because the findings do not recite that there was an attempt to agree upon the price of such extra work in writing, as the contract required, no recovery can be had. The findings being silent upon this question, it cannot be presumed that the city engineer failed in the performance of a duty enjoined upon him by the contract. Further than this, the work was performed for a price fixed in the contract for extra work, providing no price could be agreed upon in writing. The

work was acepted by the city. Under these facts, the city is hardly in a position now to urge the silence of the findings upon the attempt to agree in writing as a defense to an action for extras which were to be paid for in the manner specified in the contract if the attempt to agree in writing should be abortive.

The next point is that the action is for breach of contract and for damages arising out of the contract, and that as no claim was filed, as required by the city charter, the action must fail. The fallacy of this position is the assumption that the action is one for damages arising out of the contract, and not an action upon the contract. According to the facts found, a contract was entered into by which material was to be furnished and labor performed. Thereafter the contract was performed according to its terms. The action is upon the contract for the balance due thereon, and not for damages arising out of the breach thereof. In *International Contract Co. v. Seattle*, 74 Wash. 662, 134 Pac. 502, it was held that the provision of the city charter requiring "all claims for damages" to be filed as therein provided, included damages arising *ex contractu* as well as *ex delicto*. But it was not there held that in an action upon a contract it was necessary to file a claim for damages. The difference between an action upon a contract and a claim for damages arising out of a breach of contract is recognized in that case.

The fourth point is that the respondent's contract was with the Cedar Lake Logging Company, and not with the city of Seattle, and therefore no action can be maintained against the city. The findings do not present a very definite theory, yet it is fairly deducible therefrom that the respondent became, so far as the performance of the extra work was concerned, the assignee of the contract. Under his contract with the logging company, the respondent was to do all of the work which that company had contracted to do. When the extra work became necessary, the city engineer and the logging company cooperated in authorizing him to do such

extra work. The work was performed at the exact price fixed in the contract for the payment for extras. If the facts show an assignment, the right to maintain the action is not denied. While some of the facts found would be opposed to the theory of an assignment, yet the findings are reasonably susceptible of a construction which would support that theory.

The presumption being in favor of the correctness of the judgment, the findings, if susceptible thereof, should be given such a reasonable construction as will sustain the judgment.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.