# CASES

# SUPREME COURT

OF

# WASHINGTON,

[No. 17360. Department One. January 2, 1923.]

CHARLES JOHNSON, *Appellant*, v. THE TOWN OF
ENDICOTT, *Respondent*.[1]

MUNICIPAL CORPORATIONS (565)—CLAIMS—NATURE OF CLAIMS RE-
QUIRED TO BE PRESENTED—BY CITY EMPLOYEES. The exception to the
rule of Rem. Comp. Stat., § 9481, requiring claims for damages
against a city to be presented, in favor of employees of the city,
accidentally injured, has no application to one holding a contract
with the city for the supervision of a public improvement, alleging
damages by breach of contract, under which the relation of master
and servant did not exist.

SAME (565)—NATURE OF CLAIMS—DAMAGES ARISING FROM BREACH
OF CONTRACT. Rem. Comp. Stat., § 9481, requiring all claims for
damages against a city to be presented before suit, applies to causes
of action for damages for breach of contract, but not to a cause on
the contract; hence a claim for ten per cent of the costs of an im-
provement due on a contract to supervise the work need not be
presented; but the contractor's claim for damages for breach for
the balance of compensation and for losses sustained, when not
permitted to complete the contract, cannot be maintained in the
absence of a claim therefor.

Appeal from a judgment of the superior court for
Whitman county, McCroskey, J., entered April 8, 1922,
dismissing an action for breach of contract, upon sus-
taining a demurrer to the complaint. Reversed.

*Pickrell & Stotler*, for appellant.

*Hanna, Miller & Hanna*, for respondent.

[1] Reported in 211 Pac. 717.

MACKINTOSH, J.—The parties to this action entered into,

"This Agreement made . . . this 26th. day of July, 1920, between the Town of Endicott, Washington, a municipal corporation hereinafter known as the first party, and Charles Johnson, hereinafter known as the second party, Witnesseth:

"That the first party for and in consideration of the promises and agreements of the second party herein contained, does by these presents employ the second party to superintend the construction of the improvement in local improvement district No. 2, and agrees to pay the said second party for his services and the furnishing of certain tools and equipment hereinafter specified, the sum of 10 per cent of the total cost of such improvement, payable weekly.

"Said second party for and in consideration of the sum hereinbefore specified promises and agrees that he will give to the said work his best attention, and in all things work to the best interests of the said Town of Endicott, and of the property owners within the said improvement district.

"Second party further agrees to furnish and keep in repair the following tools and equipment necessary in the construction of said improvement, without further cost to the first party than 10 per cent as hereinabove specified, to-wit: All tools and equipment necessary, except a roller and trucks necessary for hauling rock from crusher.

"Second party agrees that in case first party shall become dissatisfied with his work as superintendent of such construction, first party may keep and retain the above specified tools and equipment until the completing of said work, and shall pay second party for the use thereof the sum of 10 per cent of the total cost thereafter, less all necessary repairs, and may employ any other person to superintend the completion of said work."

Signed by the mayor on behalf of the town.

The complaint in the action alleges that, upon the execution of the agreement, the appellant assembled

the tools, equipment and material and the improvement was begun and continued until the end of October, 1920, when the work was stopped by order of the respondent; that the appellant left his tools and equipment on the ground for the reason that the respondent was expected shortly to resume the work, and that not until October, 1921, was appellant notified that the work had been abandoned; and that, during the intervening time, he had held himself in readiness to continue under the contract. It is further alleged that, at the time of the suspension of the work in October, 1920, there had been expended on the improvement for work and material the sum of $28,000, and as his first item of damage the appellant claims the difference between ten per cent of this amount and the sum of $1,770, which he had received, or a balance of $1,030. For the second item of damage, he claims ten per cent of the balance between the sum of $70,000, the estimated cost of the work, and the sum of $28,000. For his third item of damage, he claims for the loss of the use of his tools and equipment and their depreciation by exposure to the weather the sum of $2,000; and for the fourth and last item of damage, he claims the sum of $2,100, being the rental value of a crusher which he was compelled to, and did, rent to use in the crushing of rock to be put in the improvement, that sum being the rental for the period from October, 1920, to October, 1921.

To this amended complaint, a demurrer was interposed and sustained, and the appellant refusing to plead further, judgment was entered, from which this appeal was taken.

The question which we must pass on is as to the application of the provision, Rem. Comp. Stat., § 9481, for claims being filed with the city as a prerequisite

to the institution of this action. It appears that no claim had been filed by the appellant.

Appellant's first excuse for failure to file a claim is that the claim was unnecessary for the reason that the appellant was an employee of the respondent, and that this court has decided that employees need not file claims against a city employing them. It is true that this court in *Giuricevic v. Tacoma,* 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533, and *Wolpers v. Spokane,* 66 Wash. 633, 120 Pac. 113, 2 N. C. C. A. 44, held that it is not necessary in a case of injury to a servant of the city while in the line of his employment for him to file a claim for damages. It is recognized in those decisions that they make an exception and that they are contrary to the express language of the requirement for claims, but they hold that such injuries do not come within the spirit of such requirements. In referring to these two cases, the court, in *International Contract Co. v. Seattle,* 69 Wash. 390, 125 Pac. 152, says:

"These cases go no further, as is said in the *Wolpers* case, than to hold that the charter provision will not be held to apply where the relation of master and servant exists."

It might have been added that the two cases go no further than to make the exception apply where the injury arises from the failure of the municipality to furnish a safe place for the servant to work. They being palpable exceptions to the general rule, we are not here inclined to extend their application beyond a situation identical with those discussed in the two cases in question. The contract here not being one which created the relation of master and servant, and the case not being one for injuries received by a servant while engaged in the city's work, we will not hold that no necessity for the claim existed.

The next reason assigned for failure to file the claim for damages is that the complaint is not one seeking damages for a breach of the contract, but is an action upon a contract, and that in the latter class of cases the claim is not necessary.

This is a vexatious question which has been before the court in a number of cases and has resulted in the establishment of the rule that charter and statutory requirements for filing claims apply to actions *ex contractu* as well as *ex delicto,* but that some actions *ex contractu* are exempted from the operation of the requirement, those being actions upon the contract as distinguished from claims for damages arising from the breach of the contract.    In *Postel v. Seattle,* 41 Wash. 432, 83 Pac. 1025, and *Jurey v. Seattle,* 50 Wash. 272, 97 Pac. 107, it was determined that claims for damages sounding in either tort or contract must be filed, and this rule was re-announced in *International Contract Co. v. Seattle, supra.* Upon a rehearing of that latter action in 74 Wash. 662, 134 Pac. 502, the question was again examined, and this was said:

"Actions for damages may arise *ex contractu* as well as *ex delicto,* and the phrase 'all claims for damages' is sufficiently comprehensive to include such claims, whatever their origin.    There is a difference between an action on contract and a claim for damages arising out of a breach of a contract.    In the instant case, the suit is not upon a contract, but is independent of it.    The test is, whether the proof of the contract and a breach thereof would make out a *prima facie* case.    If so, no claim need be filed.    If proof of damages independent of the contract must be made, the case falls within the words of the charter, and must fail if the claim is not presented.    Courts should not write exceptions into the statute law where the legislative body has not."

The exception first recognized in that case was again noticed in *Williams v. Seattle,* 78 Wash. 15, 138 Pac.

300, where it was said "clearly the action is upon contract," and for that reason it was distinguished from the prior cases where it had been held a claim was necessary. The facts in the *Williams* case were that the city had purchased buildings and agreed to pay a stipulated sum therefor when it took possession or when the property should be destroyed. The property was subsequently destroyed, and the action was one to recover the stipulated sum, and this was held to be an action on a contract and not one for breach of contract.

In *Waldy v. Seattle,* 93 Wash. 407, 161 Pac. 65, this distinction was again before the court in an action to recover for extra work which had been performed on a city contract. It was held that the action was one on a contract and not for damages arising out of the breach thereof and therefore a claim for damages was not a condition precedent to the action. The court referred to the case of *International Contract Co. v. Seattle, supra,* saying:

"But it was not there held that in an action upon a contract it was necessary to file a claim for damages. The difference between an action upon a contract and a claim for damages arising out of a breach of contract is recognized in that case."

The course of this distinction is somewhat disturbed by the case of *Lenhart v. Hoquiam,* 86 Wash. 168, 149 Pac. 650, which was a case where the plaintiff had leased to the defendant city a tract of land for one year, and the defendant had entered into possession of it and used it but had failed to pay the rental value. The suit also involved a claim for damages to the property by reason of the use made of it by the city. Demurrer was sustained to the complaint for the reason that no claim had been filed. It would seem that at least a portion of the plaintiff's action therein

was one arising on the contract and not for damages for breach of it as that distinction was made in the *International Contract Co.* case, *supra.* But this riffle in the stream does not seem to have had a very serious effect for, as already noted, in *Waldy v. Seattle, supra,* the court held to the old course, not even noticing the opinion in *Lenhart v. Hoquiam, supra.*

Consequently, if our examination of this complaint discloses that the appellant is suing on the contract and not for damages for a breach of it, the demurrer was improperly sustained. It would seem that, under the definition to which we have already referred, the first claim by appellant was one arising on the contract, and there was no necessity for a claim for that amount. The other three items are plainly items of damage for breach of the contract and clearly a claim was necessary for them. There being a portion of the complaint, however, which stated a cause of action, maintainable without the filing of a claim, the demurrer was improperly sustained, and the judgment based thereon is therefore reversed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.