[No. 26044.   Department Two.   February 4, 1936.]

WILLIAM RUDNICK *et al., Respondents,* v. PIERCE
COUNTY, *Appellant.*[1]

*Harry H. Johnston* and *John E. Belcher,* for appellant.

*D. D. Schneider,* for respondents.

BEALS, J.—The county commissioners of Pierce county, at a meeting held June 7, 1932, unanimously adopted a resolution fixing a wage scale to apply to certain of the county employees. The preamble to the resolution reads as follows:

"BE IT RESOLVED by the Board of County Commissioners that the following schedule of wages, not to exceed the amounts listed, shall apply to all Pierce County pay rolls submitted on Road and Bridge work, Road District work, River Improvement work, and all

[1]Reported in 54 P. (2d) 409.

other work performed under the jurisdiction of Pierce county, retroactive to June 1st, 1932, viz: . . ."

This resolution remained in full force and effect at all times pertinent to this inquiry.

The plaintiffs in this action were thereafter employed by Pierce county, and were paid at lower rates than the services which they respectively rendered should receive, according to the scale of compensation above referred to. In due time, plaintiffs presented claims to the county, each claimant asking for the payment to him of the difference between the amount which he actually received and that which he would have received had he been paid according to the schedule of wages adopted by the board of county commissioners. The claims were not presented within sixty days from the time the services were rendered. By its answer, the county admitted its corporate existence and the presentation and rejection of the claims, denying all the other allegations of the complaint. The trial resulted in findings of fact and conclusions of law in plaintiffs' favor, and from a judgment entered pursuant thereto, the county has appealed.

On this appeal, appellant admits that respondents rendered the services which they claim to have rendered; that the wage scale was, on the date above referred to, unanimously adopted by the board of county commissioners; and that the same remained in force while respondents were employed by the county. It is also admitted that respondents were actually paid wages less in amount than those fixed by the resolution of the board for their respective positions.

Appellant contends that respondents' demands were, in fact, claims for damages; and that, the claims not having been filed within sixty days after the same accrued, no recovery in respondents' favor should

have been allowed. By Rem. Rev. Stat., § 4077 [P. C. § 1664a],

". . . all claims for damages against any county must be presented before the county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim for damages accrued."

The section continues:

"All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of such claimant at the time of presenting and filing such claim and for a period of six months immediately prior to the time such claim for damages accrued, and be sworn to by the claimant."

Appellant concedes that, if respondents' claims were for the recovery of debts or accounts, the sixty day claim statute was properly held inapplicable, and that respondents' claims were seasonably presented. In this connection, appellant discusses the question of whether or not the resolution adopting the wage scale was a legislative or administrative act, arguing in one portion of its brief that, if the act was legislative in character, the sixty-day limitation does not apply, but contending that the resolution was adopted in the course of the administrative functions of the board.

The scale regularly adopted by the commissioners was in full force and effect at all times during respondents' respective terms of employment. Examination of the claim statute above referred to, in the light of the authorities, convinces us that the statute does not apply to the situation here presented. The statute itself and every principle of statutory construction support this conclusion. The county adopted the wage scale. It employed the men. It

paid them a fixed amount as wages. All phases of the transaction were performed by the county itself. All the facts of the case were disclosed by the county's own books of record and account. It is the duty of the board of county commissioners to fix the salaries to be paid county employees, other than those whose salaries are fixed by law, and the board must also determine the number of such employees and the duties which they shall perform.

The general statute of limitations has been held to apply to the following classes of actions against counties: In *Marshall v. Whatcom County,* 143 Wash. 506, 255 Pac. 654, it was held that the three-year statute applied in actions for damages for the unlawful damage of land in the course of road construction. In the case of *Pacific Coal & Lumber Co. v. Pierce County,* 133 Wash. 278, 233 Pac. 953, it was held applicable in an action against the county for the recovery of an over-payment of taxes. In *State ex rel. McMillan v. Miller,* 108 Wash. 390, 184 Pac. 352, it was applied to an action by a county commissioner for a balance of salary alleged to be due.

Appellant cites the recent case of *State ex rel. Taylor v. Scofield,* 184 Wash. 250, 50 P. (2d) 896, in which it was held that county employees were not entitled to recover salaries as fixed in the budget adopted by the county commissioners, after the commissioners had by resolution reduced the salaries below the budget schedule. This court held that, while the budget established a maximum which could not be exceeded, subsequent action of the board in reducing the salaries was lawful, and that the employees were bound by the revised schedule as established by due proceedings of the board. In the case at bar, the county commissioners made no change in the

wage scale, which at all times stood as regularly adopted by resolution.

We hold that the claims asserted by respondents do not fall within the purview of § 4077, *supra,* and that the formal claims filed by respondents were seasonably presented.

█ Appellant argues that the wage scale merely fixed a maximum, that wages lower than the rates therein fixed might be paid, and that, under the terms of the resolution itself, respondents have no right of recovery. While it is recited in that portion of the resolution above quoted that the "schedule of wages, not to exceed the amounts listed, shall apply," etc., it does not appear that the board of county commissioners ever fixed the wages to be paid respondents, or any of them, at any rate less than the pay called for by the scale. In this connection, it is pertinent to note that it is admitted that the schedule of wages fixed by the resolution was generally paid by appellant to other county employees performing similar services during the time respondents were employed by the county.

Upon the record before us, it must be held that the trial court did not err in holding that respondents should have received the wages fixed by the resolution formally adopted by the board of county commissioners, and that they are now entitled to receive the difference between the sums paid them and the amounts which they would have received, respectively, had the established scale been recognized in making up the payrolls.

The judgment appealed from is accordingly right, and the same is affirmed.

Tolman, Blake, Main, and Holcomb, JJ., concur.