[No. 36989. Department One. May 14, 1964.]

PUGET CONSTRUCTION COMPANY, *Appellant,* v. PIERCE COUNTY, *Respondent.**

*Reported in 392 P. (2d) 227.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for appellant.

*John G. McCutcheon* and *Keith D. McGoffin,* for respondent.

HALE, J.—Does the statute requiring that all claims for damages against a county (RCW 36.45.010-.020) be filed within 90 days of accrual apply to a claim arising out of a contract to build a bridge, or is it limited to claims arising out of torts?

Appellant construction company, April 28, 1960, won the contract to demolish and remove the Fifth Street bridge across the Puyallup River and to build a new one at the same site. It finished the job on October 2, 1961, and the Board of County Commissioners for Pierce County formally accepted the new bridge. More than 7 months after this acceptance, on May 17, 1962, the appellant, by its attorneys, mailed a letter to the Board of County Commissioners presenting three claims arising out of the contract and one in eminent domain. The letter had no verification, did not set forth appellant's address, and was not filed with the Board. May 28, 1962, the county, by formal resolution No. 8985, denied the claim on the ground that the letter did not meet the requisites of a claim as prescribed by RCW 36.45.020, as to verification, identification of the claimant's address and filing, and upon the stronger ground that it had been neither presented nor filed within 90 days from the date that the damage occurred or the injury sustained as prescribed by RCW 36.45.010.

Appellant then brought this action on June 14, 1962, alleging four separate causes of action:

(1) That the county, by denying appellant the right to construct the approaches during pier construction, changed and interfered with the conditions in which the work was to be performed, making the performance more costly;

(2) That appellant encountered subsurface riprap conditions unknown to and unanticipated by either party which increased the cost of construction substantially and

would, under the contract, entitle appellant the additional costs as compensable extras;

(3) That the county violated its implied agreement to commit no acts interfering with appellant's performance, when in clearing brush at places upstream it dumped floating debris and brush into the river in such a manner that this material moved down river against appellant's falsework, destroying it; and .

(4) And, as an alternative to the third cause of action, that the dumping of brush and debris into the river upstream, so as to destroy appellant's falsework at the bridge site, constituted a taking and damaging without compensation in eminent domain in violation of Art. 1 § 16, Washington State Constitution.

From a judgment dismissing all four causes of action, following motions for both summary judgment and judgment on the pleadings, comes this appeal.

Appellant says that its first two causes of action, *i.e.,* claims for alleged interference with its performance of the contract and the encountering of unanticipated substrata obstacles, arose out of the contract to demolish the old and build the new bridge. Hence, says appellant, the first two causes of action arose ex contractu and do not fall within the interdictory provision of the nonclaim statutes affecting counties. The statutory provisions, claimed by respondent as a barrier to the action, read:

"All claims for damages against any county must be presented before the board of county commissioners and filed with the clerk thereof within ninety days from the date that the damage occurred or the injury was sustained." RCW 36.45.010.

Form and contents of the claims described in the foregoing section are set forth in RCW 36.45.020:

"All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim accrued and be sworn to by the claimant: *Provided,* That

if the claimant is incapacitated from verifying and filing his claim for damages within the time prescribed, or if the claimant is a minor, or in case the claim is for damages to real or personal property, and the owner of the property is a nonresident of the county or is absent therefrom during the time within which a claim for damages is required to be filed, the claim may be verified and presented on behalf of the claimant by any relative or attorney or agent representing the injured person or, in case of damages to property, representing the owner thereof."

Appellant urges that these statutes have no application to claims arising ex contractu and points to the language of RCW 36.45.020 as requiring information peculiarly appropriate to tort claims and not prescribing information normally thought pertinent to a claim arising from contract.

Plaintiff relies heavily upon our decision in *Byram v. Thurston Cy.*, 141 Wash. 28, 251 Pac. 103, 252 Pac. 943 (1926), which says, *inter alia*, that only those cases sounding in tort and giving rise to actions for damages are contemplated by the above statute. But *Byram*, while giving a measure of comfort to plaintiff, does not support its position. Byram brought suit to recover from the county taxes illegally assessed, paid under protest, and wrongfully kept. This court did not see the action as arising either ex contractu or ex delicto or as an action for damages, but rather one to restore money illegally obtained by an agency of government. Labeling the action does not reveal its real nature. As we said:

" . . . Such funds are 'moneys got through imposition,' and the obligation to do justice rests upon all persons, natural or artificial; and, if the county obtains money or property from others without authority of law, [the law] independent of any statute compels restitution or compensation."

We think this language in the opinion makes obiter dicta of the statement that only claims sounding in tort are included in the nonclaim statute at issue here.

And we reach the conclusion that our statement in *Corwin Inv. Co. v. White*, 166 Wash. 195, 6 P. (2d) 607 (1932), cited by appellant, that an action against a county to recover

void taxes arises upon an implied unwritten contract and, therefore, comes within the 3-year statute of limitations, does not affect the statute prescribing the filing of claims for damages. We assume, in the absence of statutory procedure, that suits to recover taxes collected illegally or under a void law are *sui generis* and that these tax suits give us no rule of decision as to the meaning of the statutes referring to "all claims for damages."

Similarly, claims made for wages fixed by resolution of the county commissioners but paid in lesser amounts than the schedule called for were held not to be claims for damages within the requirements of Rem. Rev. Stat., § 4077, in *Rudnick v. Pierce Cy.,* 185 Wash. 289, 54 P. (2d) 409 (1936), a decision which appears logical in the light of *Byram v. Thurston Cy., supra.* This view we confirmed later in *State ex rel. Ross v. King Cy.,* 191 Wash. 340, 71 P. (2d) 370 (1937), when we held that mandamus would lie to compel payment in accordance with the rates fixed by the county budget. The real nature of the remedy in these two instances is not in tort or contract for damages but rather to compel compliance with a valid legislative enactment, binding upon government and individual alike. Key to the problem is the meaning of *damages.*

The word *damages* as employed in the statute means the sum of money which the law imposes or awards as compensation, or recompense, or in satisfaction for an injury done, or a wrong sustained as a consequence, *either* of a breach of a contractual obligation or a tortious act or omission. 15 Am. Jur., Damages § 2. This meaning makes good sense when considered in connection with the requirements of a claim as prescribed in RCW 36.45.020, because in many instances it is virtually impossible to distinguish between a claim ex contractu and one ex delicto and the information sought is equally important in either case.

By way of illustration, when a county operates a parking lot in connection with a park and charges a fee for its use, it has both a contractual duty to its patrons to maintain the lot and is liable in tort for its failure to keep the

premises in a reasonably safe condition. The same contractual obligations, seemingly identical with duties imposed under the law of torts, arise in the operation of county hospitals and sanitariums, or in the sale and distribution of water and electricity. Where a breach of such duty is claimed, the information required to be furnished by a claimant as a prelude to legal action seems as valuable to the county and quite as appropriate to the occasion in contract as in tort.

In the instant case, except possibly for the requirement that the residence and address for the past 6 months be set forth, the county would have the same need for early investigation of claims in the first two causes of action said to arise out of a contract as it would had they sounded solely in tort. Many decisions of this court recognize the logic of this statement, and we refer to them now.

Although a careful study of the case law in this jurisdiction shows the precedents to be in conflict and to a substantial degree irreconcilable because obiter dicta in one case has been adopted as the rationale of another, we can discern a consistent thread of policy running through the cases. The early case of *Hoexter v. Judson,* 21 Wash. 646, 59 Pac. 498 (1899), arose from a payment under protest to Pierce County of a tax lien filed upon goods sold to plaintiff. Plaintiff asserted that his vendor had purchased the goods before the time when the taxes for that year could by law become a lien thereon, and that, when the goods became the property of plaintiff through a purchase, he took them free from any valid lien claim by the county. Accordingly, he paid the lien under protest, took possession, and brought action to recover the amount paid the county to lift the tax lien. No claim having been filed with the Board of County Commissioners as then required by statute, judgment of dismissal gave rise to the appeal.

Narrowing the issues, the court said:

". . . On the part of the county, the only question presented here is, was it necessary for the appellant to present his claim to the board of county commissioners for

allowance or rejection before bringing an action thereon?" *Hoexter v. Judson, supra.*

Then, considering §§ 359 and 393, Ballinger's Code, in pari materia, the decision says of the statutory language "'all claims, demands and accounts' against the county" that:

" . . . These terms are broad enough to include every species of liability for which a county can be called upon to respond, whether it be a contractual or tortious liability, and we think the statute did not intend to make a distinction between claims arising in tort and those arising out of contract. . . ."

In *Jurey v. Seattle,* 50 Wash. 272, 97 Pac. 107 (1908), an action was brought against the city for its negligent and wrongful failure to maintain a special assessment warrant fund in a solvent condition. The city had permitted unauthorized expenditures from the fund and paid warrants on the fund drawn subsequent to plaintiff's warrants. It invoked the nonclaim provision of its charter in defense. As in the statute here, the charter required that "all claims for damages" be presented to the city council and be " 'filed with the clerk within thirty days after the time when such claim for damages accrued.' " Holding that the city wrongfully diverted the special fund from its appropriate use, the court defined the action as one for damages and barred recovery for failure to file the prescribed claim.

Citing the major decisions of this court on the subject again in *International Contract Co. v. Seattle,* 74 Wash. 662, 134 Pac. 502 (1913), on the same provisions of the Seattle charter, we said:

" . . . Actions for damages may arise *ex contractu* as well as *ex delicto,* and the phrase 'all claims for damages' is sufficiently comprehensive to include such claims, whatever their origin. . . ."

*Lenhart v. Hoquiam,* 86 Wash. 168, 149 Pac. 650 (1915), barred two separate causes of action by reason of plaintiff's failure to file a claim as required in the statute which referred to "all claims for damages" *etc.* One cause of action arose from a claimed breach of a lease agreement to clean

up leased land before restoring it to the owner, and the other cause related to a claim for reasonable rental for holding over beyond the term of the lease. The statute required, as it does in the instant case, that:

" ' . . . All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury and state the time when the same occurred, give the residence for six months last past of claimant, contain the items of damages claimed and be sworn to by the claimant. . . .' "

We held that failure to file a claim not only was a matter of defense, but, in addition, constituted failure of a condition precedent, thereby rendering the complaint demurrable, saying:

"This court has frequently held that this and similar statutes are mandatory, and that it is necessary to file a claim with the city, either in actions *ex delicto* or *ex contractu* before an action can be maintained thereon. [citing cases]"

In *Johnson v. Town of Endicott*, 123 Wash. 1, 211 Pac. 717 (1923), we quoted from *International Contract Co. v. Seattle, supra*, with approval in attempting to distinguish between an action on a contract and an action for a breach of contract on the possible theory that no claim is required in the former but is mandatory in the latter, pointing to the *International Contract Co. v. Seattle, supra*, case as a guide, and *Waldy v. Seattle*, 93 Wash. 407, 161 Pac. 65 (1916), in confirmation of the proposition. We did refer to *Lenhart v. Hoquiam, supra*, as a departure from the view that a distinction exists between actions on a contract and those arising from a breach of contract. But we now find no valid reason why one type of action comes within the claim statute and the other avoids it, if each is an action for damages.

*Perkins v. South Bend*, 133 Wash. 349, 233 Pac. 655 (1925), another action on local improvement warrants brought against a city for wrongful payment to subsequent holders, cites *Lenhart v. Hoquiam, supra*, as authority for the proposition that the claims statute applies to actions for damages

ex delicto and ex contractu, approves both *International Contract Co. v. Seattle, supra,* and *Johnson v. Town of Endicott, supra,* and apparently drops the idea of a distinction between actions on a contract and actions for a breach of contract. Failure to file the claim raised a final barrier to recover upon the warrants.

Assigned claims for labor performed and materials supplied to a contractor in his contract to build a bridge for Lewis County, paid by plaintiff bank, makes the case of *Old Nat. Bank of Spokane v. Lewis Cy.,* 137 Wash. 436, 242 Pac. 961 (1926), especially appropriate to this discussion. We said there that claims filed with the auditor rather than the county commissioners did not meet the requirements of the claims statute. Nor can we agree with appellant here that the decision means that any clearly stated, otherwise timely filed claim will suffice. Referring expressly to Rem. Comp. Stat., § 4077, *inter alia,* now codified as RCW 36.45.020 and RCW 36.45.010, in part, we meant claims filed within 90 days in the manner and style fixed by the very statute at issue here, when we said:

"That the claims here in question are claims which, under usual conditions, must be presented to the board of county commissioners for allowance or rejection, as a condition precedent to the maintenance of an action thereon, can hardly admit of doubt, and unless these claims were so presented, or there is some special reason excusing presentation, the failure to present them is fatal to a recovery thereon." *Old Nat. Bank v. Lewis Cy., supra.*

Particularly pertinent, and coming on later than *Byram, supra,* stands *Shaw Supply Co. v. King Cy.,* 169 Wash. 175, 13 P. (2d) 472 (1932). There the "action was brought to recover from King county the reasonable value of certain supplies or equipment sold and delivered by the plaintiff for use in the Harborview Hospital." A demurrer was interposed on the ground that no claim had been presented to the Board of County Commissioners. We upheld the demurrer on appeal, ruling in effect that the filing of a claim in time, manner and form fixed by Rem. Comp. Stat., § 4077, constituted a condition precedent to the maintenance of the action.

Appellant now earnestly argues that *Shaw Supply Co. v. King County, supra,* is no authority in the instant case for there no claim at all was filed, whereas here, it says, its letter from counsel addressed to the county commissioners within 7 months of the acceptance of the bridge did constitute a sufficient filing of a claim. Although appellant urges this with great force, we point out that in the *Shaw Supply Company* case, *supra,* we explicitly referred to, and set forth in part, Rem. Comp. Stat., § 4077, the same statute involved in the instant case, and which required that "all claims for damages . . . be presented . . . and filed . . . within sixty days after the time when such claim for damages accrued." This section then goes on to require that "All such claims for damages must locate and describe the defect which caused the injury, describe the injury, and contain the amount of damages . . . with a statement of the actual residence of such claimant . . . for a period of six months . . . and be sworn to by the claimant." We cited *Old Nat. Bank v. Lewis Cy., supra,* and ignored *Byram v. Thurston Cy., supra,* decided by this court only 6 years before the *Shaw* case, *supra.*

We conclude, therefore, that the language of *Shaw Supply, supra,* that

"It has been the uniform holding of this court that all claims against the county, other than those specially excepted, such as cost bills, fees of the official reporter and the expenses of a judge called to hold court in a county other than his election, must be presented to the board of county commissioners for allowance or rejection before an action can be maintained thereon. . . ."

means not some claim, or a demand generally, but, on the contrary, the claim described by and required in RCW 36.45.010 and RCW 36.45.020. We gave renewed approval to the *Shaw Supply* rationale in *Holmquist v. Queen City Constr. Co.,* 175 Wash. 681, 27 P. (2d) 1066 (1934).

Reverting now to the facts pleaded in the first and second causes of action, we see in them a claim for damages arising out of a written contract to construct a bridge over the Puyallup River. In the first cause of action, plaintiff says

that the county wrongfully interfered with the work progress and changed the conditions of performance as prescribed in the plans and specifications by denying plaintiff the right to construct approaches during pier construction. In its second cause of action, plaintiff says that it unexpectedly encountered subsurface physical conditions consisting of buried riprap which, adding to its cost of construction, became a compensable extra under the contract.

 Each of the first two causes of action can be said to arise out of the contract to demolish the old bridge and build the new one. We are of the opinion that the expression *all claims* as employed in RCW 36.45.010 means and includes claims arising out of or deriving from a breach of contract as well as claims based on tort, and all of such claims to be tenable against a county must be filed with the county commissioners within 90 days of the time when they accrued. Such claims, likewise, must comply in substance and form with the requisites described in RCW 36.45.020, *i.e.*, the claim must, among other things, locate and describe the defects which caused the injury, describe the injury and damages, and set forth the full amount claimed. Further, it must give the actual residence of claimant at the time of filing the claim and for a period of 6 months immediately prior to the time such claim accrued and be sworn to by the claimant.

No claim having been filed within 90 days of the time that the claim described in the first two causes of action accrued, the trial judge properly dismissed them.

Plaintiff's third and fourth causes of action seek redress in the alternative for dumping brush in the river at points upstream from the bridge under construction when the county engaged in brush-clearing operations. Plaintiff claims damages because the brush and material coming down river against its falsework carried it out and destroyed it and thereby created either (a) a violation of its contract with plaintiff by causing it additional costs in completing the contract or (b) a taking in eminent domain by destroying plaintiff's personal property without com-

pensation in violation of Art. 1 § 16, Washington State Constitution.

Such actions by the county in dumping brush and debris into a river, if actionable, constitute an invasion of appellant's right to be free from an unwarranted interference with the performance of its contract or to be free from the tortious damaging of its personal property. The actions complained of, therefore, constitute in all likelihood a tort and possibly a breach of contract. But we cannot see where the damaging or destruction of plaintiff's falsework by such actions constitutes a taking in eminent domain. As a tort, the claim, therefore, would necessarily have to be filed in the manner and form prescribed by statute within 90 days of the occurrence, and, as we have earlier said, the same compliance is required of an action arising out of or deriving from a breach of contract. No claim having been filed as prescribed by the statutes, the third and fourth causes of action must likewise fail.

The judgment is, therefore, affirmed.

OTT, C. J., ROSELLINI and HUNTER, JJ., and JAMES, J. Pro Tem., concur.