[No. 7146.   Decided September 15, 1908.]

THE STATE OF WASHINGTON, *on the Relation of W. M. Manning, as County Surveyor of Stevens County, Respondent*, v. THOMAS R. MAJOR *et al., Appellants.*[1]

COUNTIES—COMMISSIONERS—DUTY TO PROVIDE SURVEYOR WITH IN-STRUMENTS—MANDAMUS—WHEN LIES.  Under Bal. Code, § 499, providing that the county surveyor shall be furnished with "all necessary cases and other suitable articles," and Bal. Code, § 342, giving the county commissioners general charge of county property and business, mandamus will lie to compel the county commissioners to provide the county surveyor with a transit, where it is admitted that it is necessary to the proper discharge of his official duties, as it is duty enjoined by law as to which there is no discretion; and the fact that the surveyor procured an instrument of his own, and presented a bill therefor, which was disallowed, is no defense.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered November 4, 1907, in favor of the plaintiff, upon overruling a demurrer to an application for a writ of mandamus.   Affirmed.

[1]Reported in 97 Pac. 249.

*J. A. Rochford* and *John P. Judson*, for appellants.

*W. H. Jackson*, for respondent.

MOUNT, J.—This action was brought in mandamus to compel the county commissioners of Stevens county to furnish a surveyor's transit for the use of the county surveyor. A general demurrer to the affidavit was filed by the county commissioners. This demurrer was overruled, and the commissioners elected to stand on the demurrer. A peremptory writ of mandate was issued by the lower court commanding the county commissioners "to procure, furnish and provide for the use of the county surveyor and for his said office a surveyor's transit," or in the alternative, to allow and pay for the transit ordered by the surveyor for his own use for his said office. The county commissioners have appealed from that order.

The affidavit and the writ allege, in substance, that the relator is the duly qualified and acting county surveyor of Stevens county; that the appellants are the duly authorized and acting commissioners of said county; that a surveyor's transit is necessary for the proper discharge of the duties of county surveyor; that it is impossible for relator to discharge the duties of his office without such instrument; that he applied to the board of county commissioners to furnish said instrument for use in his office, but said board refused to do so, and that afterwards relator was compelled to, and did, furnish such instrument for his official use at his own expense, and presented a bill therefor to said board, which bill was rejected. These facts are all admitted. It is argued by appellants that mandamus is not the proper remedy, because it is not the duty of the county commissioners to furnish such instrument for such office, and because the relator has a remedy by appeal from the refusal of the county commissioners to allow his bill for the purchase of the instrument, and also because it is shown by the affidavit that relator has such instrument of his own which he is using.

It may be conceded that the writ of mandamus will not issue to compel the performance of an act which the law does not enjoin as a duty, or where the act or duty of an officer calls for the exercise of discretion or judgment. The statute relating to county surveyors provides, at § 499, Bal. Code, (P. C. § 4220), as follows:

"The county surveyor shall keep his office at the county seat in such room or rooms as are provided by the county, and he shall be furnished with all necessary cases and other suitable articles, and also with all blank books and blanks necessary to the proper discharge of his official duties," etc.

The county commissioners have general charge of the county property and the management of the county funds and business. Bal. Code, § 342 (P. C. § 4098). It cannot be doubted, therefore, that it is the duty of the county commissioners to furnish the county surveyor with all cases "*and other suitable articles*" necessary to the proper discharge of his official duties. When it is admitted that a surveyor's transit is necessary for the proper discharge of the duties of county surveyor, and when it is admitted that it is impossible for him to perform his official duties without such instrument, it would seem to require no further argument to show that such instrument is a necessary article for his office. A surveyor's transit is certainly included within the meaning of the words "other suitable articles" used in the statute. It follows that the procurement of such an instrument is a duty enjoined by law upon the county commissioners, and that mandamus will lie to require the performance of that duty. There is no discretion on the part of the commissioners as regards the duty of furnishing the instrument. The price or the make of the instrument may involve some judgment or discretion, but that question is not here, because it is admitted that appellants have refused to furnish or procure or pay for any instrument.

The fact that the respondent had purchased such an instrument at his own expense or was using the same, and that

he had presented a bill therefor to the county commissioners and the bill had been rejected, does not relieve the appellants. The county surveyor is not required to use or furnish his own instruments no matter what he may have. He may or may not do so as he chooses, but this does not relieve the county of the duty of furnishing necessary suitable articles. The fact that respondent requested the payment of the bill for the instrument, or the fact that he is attempting to sell his own instrument to the county, if such be the fact, and that the county has refused to purchase, stands on the same basis. These facts all tend to show that the county refused to furnish necessary suitable articles. They were irrelevant for any other purpose. Appellants argue that, since law books are necessary for the prosecuting attorney, if county surveyors may require the county commissioners to furnish surveyor's transits because they are necessary, then county commissioners may be required to furnish libraries to the county attorneys. This would no doubt follow if there were a statute providing for it such as there is for county surveyors. But in the absence of a statute, there is no such duty.

We think the trial court properly made the order appealed from. It is therefore affirmed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.