[No. 25678. Department Two. May 27, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Stephen Trask, as Treasurer for Grays Harbor County, et al., Respondent,* v. FRANCIS J. GLEASON *et al., Appellants.*[1]

*Paul O. Manley,* for appellants.
*E. S. Avey* and *L. B. Donley,* for relators.

BLAKE, J.—The relators are, respectively, the treasurer and clerk of Grays Harbor county. The appellants are the county commissioners. The latter, in making up the county budget for 1935, allowed the treasurer $13,153.80, and the clerk $5,483.80. The treasurer and clerk filed in the superior court an affidavit for mandamus to compel the commissioners to increase the amount of their budgets in the sums of $900 and $960, respectively. After a trial on the merits, the court made findings favorable to relators, upon which it entered judgment directing the writ to be issued.

[1]Reported in 45 P. (2d) 610.

The question for determination is whether the commissioners acted arbitrarily or capriciously in fixing the budgets. For the court has no power to review their conclusion in such case in the absence of arbitrary or capricious conduct in the exercise of their discretionary power. *Dillon v. Whatcom County*, 12 Wash. 391, 41 Pac. 174.

Without reviewing the evidence in detail, it appears, on the one hand, that neither of the relators can perform the statutory duties of the office as expeditiously or efficiently as might be desired, without an additional clerk. It appears that for 1934 the treasurer's budget was $14,450; that for 1934 there were an average of nine and one-half persons employed in the office; that the budget for 1935 allowed for only seven; that all are compelled to work an average of two and one-half hours overtime each day. It appears that the clerk's budget for 1934 was $6,725; that there were three deputy clerks employed that year; that under the budget for 1935 provision has been made for but two deputies; that to keep abreast of the work it is necessary for them to put in overtime.

On the other hand, it appears from undisputed evidence that the indebtedness of the county is in excess of the limit fixed by § 6, article VIII, of the constitution; that the prospective revenues of the county are much less than in 1934. It appears that the total assessed valuation of property in Grays Harbor county has decreased from $34,733,633, in 1931, to $24,687,572. Circumscribed by the ten mill limitation prescribed by Initiatives Nos. 64 and 94, the county commissioners were confronted with the necessity of making their budget requirements conform to a diminution in prospective revenues. This called for an average cut of thirty-three and one-third per cent in all county offices and activities. A comparison of the budgets of the

treasurer and clerk for 1934 and 1935 shows that neither suffered a cut to that degree, so that neither of the relators can complain of arbitrary or capricious conduct of the commissioners in the way of showing favoritism to other county offices or activities. In fact, it is conceded that the commissioners acted in good faith in making distribution of the anticipated county income. It would seem that this concession should absolve them of all charges of arbitrary and capricious conduct.

But, say relators, *their* duties comprise governmental functions for which, under the holdings of this court, the county may incur indebtedness beyond its constitutional debt limit. *Rauch v. Chapman,* 16 Wash. 568, 48 Pac. 253, 58 Am. St. 52, 36 L. R. A. 407; *Duryee v. Friars,* 18 Wash. 55, 50 Pac. 583; *Gladwin v. Ames,* 26 Wash. 272, 66 Pac. 391, 90 Am. St. 743; *Pilling v. Everett,* 67 Wash. 109, 120 Pac. 873; *State ex rel. Taro v. Everett,* 101 Wash. 561, 172 Pac. 752, L. R. A. 1918E, 411; *McCarthy v. Kelso,* 129 Wash. 121, 223 Pac. 151; *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26.

These cases, however, do not, in our view, support relators' contention that the court may compel the county to incur indebtedness. They simply hold that indebtedness incurred in the performance of duties made mandatory by the constitution, or essential for municipal existence, is not proscribed by § 6, article VIII, of the constitution. In none of these cases cited has the court ever gone so far as to step in and compel a municipal corporation to incur indebtedness for any purpose. It has only compelled the payment of indebtedness already incurred or authorized by the municipality.

The statement just made in no wise conflicts with the holding in *State ex rel. Manning v. Major,* 50

Wash. 355, 97 Pac. 249, cited by relators. In that case, mandamus issued compelling county commissioners to purchase a transit for the use of the county surveyor. No question of incurring indebtedness was involved. The court simply held that, since the statute (Bal. Code § 499 [Rem. Rev. Stat., § 4148, P. C. § 1776]) required the county to provide "suitable articles" for the use of the surveyor, and since a transit was an article necessary for the performance of the surveyor's duties, the commissioners had no alternative but to provide him with one.

It may be that the relators will be hampered in the performance of statutory duties because of insufficient clerical help. It does not appear, however, that their budgets are so meagre as to suspend the operation of their offices or prevent the performance of their statutory duties. It will be time to meet such a situation when it arises. To issue a writ of mandamus on the record made here would be tantamount to our taking over the administration of county offices and the management of county finances. This we are not prepared to do. We think, not only that the commissioners were not guilty of arbitrary or capricious conduct, but that, in keeping county expenditures within the anticipated income, they exercised their discretion soundly.

The judgment is reversed, and the cause remanded with directions to dismiss the action.

MILLARD, C. J., HOLCOMB, STEINERT, and MAIN, JJ., concur.