[No. 25826. Department One. October 30, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Chas. Taylor et al., Appellants,* v. HARVEY O. SCOFIELD *et al., Respondents.*[1].

*D. D. Schneider,* for appellants.

*Harry H. Johnston* and *John E. Belcher,* for respondents.

[1]Reported in 50 P. (2d) 896.

TOLMAN, J.—Appellants, as relators, applied to the superior court for Pierce county for a writ of mandate, directed to the board of county commissioners of that county, requiring the auditing and approval for payment of certain claims for salaries and wages which relators assert cover the amounts due them as compensation for services rendered by them as employees of Pierce county. From a judgment denying the writ and dismissing the action, the relators have appealed.

It appears that, during the year 1931, in compliance with the county budget law, Rem. Rev. Stat., § 3997-1 [P. C. § 1652-1], et seq., a county budget was adopted for Pierce county, in which presumably each salary to be paid to a county employee during the ensuing year was specified, as required by Rem. Rev. Stat., § 3997-2 [P. C. § 1652-2]. After the adoption of the budget and during the year which the budget covered, on May 31, 1932, the board of county commissioners adopted the following resolution or order:

"It appearing to the board of county commissioners that a reduction in salaries and wages is essential to the maintenance of the county's credit, and the approval of the elective officials of the county having been secured,

"IT IS ORDERED, that elective officials in charge of the various departments budgeted in the 1932 budget effect a saving in their schedules of salaries and wages according to the following schedule, either by a uniform cut or by readjustment of wage scales for the remainder of the year 1932, it being specifically understood that salaries established by state law are to be excepted from this order:

"A ten (10%) per cent reduction in salaries and wages exceeding an aggregate of One Hundred Dollars ($100) per month; a five (5%) per cent reduction in salaries and wages aggregating from Fifty Dollars ($50) to One Hundred Dollars ($100) per

month; and no reduction in salaries and wages aggregating Fifty Dollars ($50) or less per month, with the exception of all salaries set by state law.

"This order to become effective June 1st, 1932.

"Passed by the board this 31st day of May, 1932."

What was done thereafter does not clearly appear from the record before us, except that the relators presented verified claims indicating that, from and after June 1, 1932, they each suffered a reduction in salary, generally, amounting to ten per cent.

It is now argued that, each salary being set forth separately in the budget and fixed thereby, the commissioners are thereby bound to pay to each county employee the salary so fixed for the entire fiscal year without diminution. Or, in the alternative, that, if the commissioners have power to reduce the salaries fixed in the budget, they did not, in this instance, do so, but rather they attempted unlawfully to delegate that power to the several elective county officers.

Rem. Rev. Stat., § 3997-5 [P. C. § 1652-5], so far as applicable to the question now before us, reads:

"The estimates of expenditures itemized and classified as required in section 3997-2 hereof and as finally fixed and adopted in detail by said board of county commissioners shall constitute the appropriations for the county for the ensuing fiscal year; and the county commissioners and every other county official shall be limited in the making of expenditures and/or the incurring of liabilities to the amount of such detailed appropriation items or classes respectively; provided, that upon a resolution formally adopted by the county commissioners at a regular or special meeting and entered upon the minutes, transfers or revisions within the general class of 'salaries and wages' and of 'maintenance and operation' may be made; provided further, that no salary item shall be increased above the amount appropriated therefor."

■ Clearly, in the matter of salaries, the budget fixes a maximum which cannot be exceeded, but revisions which do not increase are specifically provided for. Any revision which does not increase any salary item must necessarily bring a reduction. Therefore, the statute itself authorizes reductions. The word "revise" or "revision" means, of course, to correct or amend, to examine with a view to making a change or changes, but when the legislature expressly provides that the revision shall not result in any increase of any salary, the intent to permit a reduction is at once apparent. Otherwise, there could be no revision.

As we read the order heretofore quoted, it is not a delegation of power to the elective county officers. The order shows a clear purpose to effect a ten per cent reduction of the current schedule of salaries and wages to be effected by uniform reduction, and then invites the elective officers to suggest adjustments if they shall prefer such a course. Manifestly, this is not a final order fixing salaries as they are to be on and after the effective date of June 1, 1932. If the elective officers did anything under the invitation extended to them, the board was at perfect liberty to accept or reject the advice offered, as it might see fit. Presumably, after June 1, 1932, the relators were paid as ordered by the board of county commissioners.

■ Since the courts are powerless to interfere with the discretion of the commissioners when properly exercised, as we have often held (*State ex rel. Trask v. Gleason,* 182 Wash. 181, 45 P. (2d) 610), the judgment must be affirmed.

MITCHELL, STEINERT, GERAGHTY, and BEALS, JJ., concur.