CITY OF MISSOULA, Respondent, *v.* SWANBERG, Appellant.

(No. 8424.)

(Submitted May 11, 1944. Decided June 5, 1944.)

[149 Pac. (2d) 248.]

*Messrs. Swanberg & Swanberg,* for Appellant, submitted a brief; *Mr. Randall Swanberg* argued the cause orally.

*Mr. Fred W. Schilling,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The defendant built several one-story houses in the city of Missoula and installed in them plumbing pipe known as "Durham." Because of using Durham pipe in his buildings he was convicted of violating the provisions of Ordinance No. 496-A of the city of Missoula. The particular portion violated is as follows: "Wrought iron and galvanized iron work (commonly known as 'Durham Work') is prohibited in all buildings having two stories or less above the ground. In buildings having more than two stories above the ground, wrought iron and galvanized iron (Durham) work may be installed."

The defendant has appealed assigning nine specifications of error but his sole contention is that the ordinance is unconstitutional for the reason that it is discriminatory, arbitrary and unreasonable.

A city council has, within the scope of its powers, the same right to enact binding ordinances as the legislative assembly of the state has to enact statutes. It is, however, a power delegated by the legislature. Practically the same rules of construction apply when the validity of either a city ordinance or statute of the state is under consideration by the courts. The grant of powers to cities and towns in Montana is found in

sections 5039 to 5068, Revised Codes. We find no authority for the ordinance in question in these statutes.

That a city is vested with power to enact ordinances relating to the public health and safety of its inhabitants is not questioned, but all legislative powers of any municipality must be exercised within constitutional limitations and also within the powers granted by statute. The question before us in this action is: Is a city ordinance which prohibits the installation of plumbing made of certain material in one and two-story buildings, and permits the installation of the same kind of plumbing in all other buildings over two stories high, arbitrary and unreasonable class legislation and therefore unconstitutional? We think it is unless the evidence in such a case as that at bar shows that the prohibited kind of material used in such plumbing is detrimental to the health and safety of the people of the municipality, or for some other reason endangers the public safety.

The precise question involved in the case at bar was before the Supreme Court of the state of Washington in *City of Spokane* v. *Latham,* 181 Wash. 161, 42 Pac. (2d) 427, 428. It was said in that case: "Under the section of the ordinance here in question, the Durham system was prohibited in all buildings under three stories in height, whether dwelling houses or erected for business purposes. As to all buildings of three stories or more, that system, or what may be referred to as the lead system, was optional with the builder. * * * Since no question of health is involved, the two systems being equally good when properly installed, and all persons doing plumbing work must be licensed and the work inspected, we can conceive of no facts which would justify the prohibiting of the Durham system in all buildings under three stories in height, while permitting it in all buildings above that height."

This court said in the case of *State ex rel. Redman* v. *Meyers,* 65 Mont. 124, 128, 210 Pac. 1064, 1066: "So-called class legislation may be constitutional * * * if the classification is reasonable, and the law operates equally upon every person or

thing within the given class." Numerous decisions containing substantially the same expressions are found in many other decisions of this court and in other jurisdictions. (See *State* v. *Holland,* 37 Mont. 393, 96 Pac. 719; *Hill* v. *Rae,* 52 Mont. 378, 158 Pac. 826, L. R. A. 1917A, 495, Ann. Cas. 1917E, 210; *Replogle* v. *City of Little Rock,* 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333, and annotations following.)

In the case of *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564, 195 N. W. 60, 61, 33 A. L. R. 142, the court had under consideration an ordinance of the city of Detroit "to regulate the installation of heating and warming systems or apparatus in dwellings in the city of Detroit." Plaintiff in the action filed a bill to restrain the defendant city officials from threatened enforcement of the ordinance against the plaintiff, the contention being made that such ordinance was arbitrary and oppressive. The lower court gave judgment for the plaintiff and on appeal the judgment was affirmed. In the course of the opinion of the Supreme Court, after commenting on other objectionable features of the ordinance, it was said:

"Another questionable feature of the ordinance, as a measure of fire protection exercised under the police power, is that the restrictions and burdens it imposes are directed only against 'dwellings,' limited further by especially excepting hotels, clubhouses, hospitals, jails, reformatories, and asylums, and also leaves entirely untouched all other kinds of buildings in which heating systems or apparatus of some kind are necessarily installed and used, such as stores, office buildings, restaurants, banks, churches, station houses, factories, shops, etc. If fire protection was the purpose, an ordinance which only imposes the safeguarding regulations on dwellings, and leaves free to ignore them all other buildings in the city, wherever located, which with their heating systems are likewise subject to the danger sought to be guarded against, savors strongly of discriminating and unreasonable class legislation."

We think the reasoning in that case applies with particular force in the case at bar. We do not here undertake to say that

a municipality may not provide by ordinance that only pipe made of certain material may be used in plumbing installed in buildings within its corporate limits, if it is shown that the kind which is permitted to be installed is the only kind that can be used without probable danger to the health and safety of the inhabitants. But that question is not before us in this action. The record in the case at bar is void of any evidence showing any reasonable grounds for the assumption that Durham pipe used for plumbing in one and two-story buildings would be a menace to the public health and safety, or that it would not constitute such a menace when used in buildings more than two stories high. We think that such an ordinance is an arbitrary and unreasonable classification and conflicts with section 26 of Article V of the Constitution of Montana and is contrary to the spirit of our laws generally.

The judgment is reversed and remanded with directions to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSFN, ANDERSON and ADAIR concur.