STATE EX REL. THOMPSON, RELATOR, *v.* GALLATIN
COUNTY, ET AL., RESPONDENTS.

No. 8725

Submitted May 22, 1947. Decided July 1, 1947.

184 Pac. (2d) 998

264

Mr. Ernest A. Peterson and Mr. W. W. Lessley, Co. Atty., both of Bozeman, for appellants.

Mr. Walter Aitken, of Bozeman, for respondent.

MR. JUSTICE METCALF delivered the opinion of the Court.

Evelyn Thompson, hereinafter called the relatrix, filed an affidavit and petition for writ of mandate in the district court of Gallatin county and its board of county commissioners, hereinafter called defendants, to require the defendants to authorize and pay a claim of $214.20 allegedly due the plaintiff for unpaid salary as deputy clerk of the district court of Gallatin county for the period between the 10th of August, 1944, and the 30th of June, 1945. The clerk of the district court of Gallatin county is L. E. Hays. Gallatin county is a county of the fifth class. In a fifth class county the clerk of the district court is authorized to appoint one deputy. Sec. 4875, Rev. Codes. For more than 15 years the deputy clerk of court had been Jack Cruickshank. Mr. Cruickshank resigned effective August 9, 1944, and the relatrix was appointed deputy clerk of the court on August 10, 1944. On that day Mr. Hays wrote the board of county commissioners:

"The Honorable Board of County Commissioners for the County of Gallatin, State of Montana.

"Gentlemen:

"This is to inform you that I have this 10th day of August, 1944, appointed as my deputy, Evelyn Thompson, for the rest of this year, 1944, salary to be $150.00 per month. * * *"

The board of county commissioners in response to the letter from the clerk of the district court made a minute entry in the commissioners' journal of Gallatin county as follows:

"L. E. Hays, Clerk of the District Court, notified the Board that he had appointed Evelyn Thompson as Deputy Clerk for the balance of the year 1944 to take the place of Jack Cruickshank who has been appointed Acting Postmaster of the City of Bozeman. The Board set her salary at $150.00 per month."

At about the time that the relatrix received her appointment as deputy clerk of the district court the county budget for the fiscal year commencing on the first day of July, 1944, and ending on the 30th day of June, 1945, was under consideration by the board of county commissioners. The budget finally approved and adopted by the board of county commissioners on August 14, 1944, four days after the employment of the relatrix, contained an entry for salary and wages of the deputy clerk of the district court of an estimated expenditure of $2,040 for the fiscal year 1944-1945. This was the same amount expended the previous fiscal year and was unchanged from the amount submitted for the preliminary budget by Mr. Hays.

The relatrix went to work for $150 a month and worked at that rate until the end of the calendar year 1944. Mr. Hays was re-elected clerk of the district court at the general election in November, 1944, and after assuming office on the first Monday in January, 1945, he re-appointed relatrix as deputy clerk of the court. The relatrix stated that her understanding with Mr. Hays was that she was to work from August 10, 1944, for the remainder of the calendar year at a salary of $150 per month; that on the first of January, 1945, and thereafter if her services proved satisfactory, she was to receive $160 per month. When Mr. Hays notified the board of county commissioners of Gallatin county following his re-election and assumption of office on the second day of January, 1945, of his re-appointment of the relatrix as deputy clerk of court, the board of county commissioners failed to follow his recommendation to increase the relatrix' salary to $160 a month and made the following entry in the commissioners' journal:

"L. E. Hays, Clerk of Court, reported to the Board that he had appointed Evelyn Thompson as Deputy in his office. The Board set her salary at $150.00 per month, the same as previously."

After the failure of the defendant board of county commissioners to increase her salary to the $160 a month in accordance with the agreement between the relatrix and the clerk of the dis-

trict court, relatrix filed a claim for $214.20, being the difference between $150 per month she had actually been paid for the period from August 10, 1944, to June 30, 1945, and the $170 per month budgeted for the office of deputy clerk of the court for the same period. This claim was rejected by the defendant board. The relatrix then instituted this action and after hearing on an order to show cause, the trial court made findings of fact and conclusions of law in which the facts were as above set forth. The court further found that ''the salary attached to said office of the regular Deputy Clerk of the District Court in and for Gallatin County for the fiscal year of said Gallatin County, commencing on the 1st day of July, 1944, and ending on the 30th day of June, 1945, was duly and regularly fixed, stated and appropriated by the defendants and respondents herein acting as the Board of County Commissioners of said Gallatin County, in the total sum of $2040.00 for said fiscal year, payable in monthly installments of $170.00 out of the general fund of said county, upon order of said defendant and respondent Board of County Commissioners, as provided by law, and the money for such payment has at all times in the pleadings in this proceeding and herein mentioned been and is now available in the general fund of said Gallatin County of such payment.'' The court found that relatrix was entitled to be paid for her services as deputy clerk of the court at a rate of $170 per month; that relatrix had no plain, speedy and adequate remedy in the ordinary course of law. The court's conclusions were that the relatrix was entitled to a peremptory writ of mandate directing the payment to relatrix of the sum of $214.18, together with attorneys' fees, as damages, and costs and disbursements incurred and expanded in the action. Judgment was entered accordingly and this appeal is from such judgment.

It is the contention of the relatrix that the action of the board of county commissioners in adopting the budget for the fiscal year 1944-1945 and setting aside the sum of $2,040 as salary for the deputy clerk of the district court for that year was in effect

an appropriation fixing the salary at $170 per month. In order to determine the effect of the action of the board of county commissioners in approving and adopting the budget for the fiscal year 1944-1945, it is necessary to consider the county budget Act, sections 4613.1 to 4613.10, Revised Codes of Montana 1935, in some detail.

Section 4613.1 provides that on or before the 10th day of July each county officer must prepare and file with the county clerk and recorder detailed and itemized estimates probable income and expenditures for the current fiscal year.

Sec. 4613.2. From these estimates the county clerk and recorder prepares a tabulation showing the expenditure program for the county for the current fiscal year. The estimates, appropriations and expenditures are classified under various general classes, including "salaries and wages." It is further provided that, "within the general class of salaries and wages each salary shall be set forth separately together with the title or position of the recipient provided that an unitemized appropriation may be made to cover the expenses of special deputies or assistants in any office where the services of such special deputies or assistants may be required during a part of the fiscal year only."

Sec. 4613.3. The tabulation is then submitted to the board of county commissioners who make such revisions, reductions, additions, or changes deemed advisable. This tabulation prepared by the county clerk and recorded after consideration by the board of county commissioners becomes the preliminary budget for the current fiscal year.

Sec. 4613.4. On the Wednesday immediately preceeding the second Monday in August, the board of county commissioners conducts a hearing on the preliminary budget. At such hearing the board of county commissioners has the "power to call in the official in charge of any office, department, service or institution, at the time the estimates for their respective offices are under consideration, for examination concerning such estimates, * * *." Upon the conclusion of the hearing, "the county com-

missioners shall fix and determine each item of the budget separately and shall by resolution adopt the budget as so finally determined and enter the same in detail in the official minutes of the board."

Section 4613.5 is in part: "The estimates of expenditures, itemized and classified as required in section 4613.2, and as finally fixed and adopted by said board of county commissioners, shall constitute the appropriations for the county for the fiscal year intended to be covered thereby, and the county commissioners, and every other county official, shall be limited in the making of expenditures or incurring of liabilities to the amount of such detailed appropriations and classifications, respectively; provided that upon a resolution adopted by the board of county commissioners at a regular or special meeting, and entered upon its minutes, transfers or revisions within the general class of salaries and wages and of maintenance and support may be made, provided, that no salary shall be increased above the amount appropriated therefor. Transfers between the general classes provided in section 4613.2 shall not be permitted, provided and except that in the case of appropriations to be expended from county road or bridge funds, special road district funds, or any special highway fund, any transfer between or among the general classes of (1) salaries and wages, (2) maintenance and support, and (3) capital outlay, may be made. * * *"

It is conceded that the board of county commissioners has █ discretion to fix the salary of deputies and assistants in the county offices within the bounds set by the legislature. The minimum annual compensation allowed to the deputy clerk of a district court by statute in a county of the fifth class is not less than $1,650. Sec. 4873, Rev. Codes. Section 4874, as amended by Chapter 87, sec. 1, Laws of 1943, permits the board of county commissioners to increase the compensation of such deputies above the minimum prescribed in section 4873 to not more than 90% of the salary of the head of the department in which such deputy is serving. Since the salary of the clerk of the dis-

trict court in a county of the fifth class is $2,500 per year (sec. 4867, Rev. Codes), the board of county commissioners may in its discretion fix the salary of a deputy clerk of the district court between the minimum of $1,650 and the maximum of $2,250, secs. 4867, 4872, 4873, Rev. Codes.

The relatrix relies on a line of cases arising in the state of Washington under a budget Act similar to that outlined above. The latest of such cases is State ex rel. Bradford v. King County, 197 Wash. 393, 85 Pac. (2d) 670, at page 672, in which the court said: ''It is no longer open to question in this jurisdiction that where salaries are fixed by the budget of the legislative or governing body of a city or county a regular employee can look to that salary as fixed in the budget and recover for any reduction not authorized or approved by the appropriate legislative body of the political subdivision in question.'' (Citing cases.)

If it so chooses the board of county commissioners may exercise its statutory power to fix the compensation of deputies and assistants in the county offices by providing for such compensation in the annual budget.

Whenever a power is conferred upon the board of county ▮ commissioners, but the mode in which the authority is to be exercised is not indicated, the board in its discretion may select any appropriate mode or course of procedure. Franzke v. Fergus County, 76 Mont. 150, 157, 245 Pac. 962; State v. Board of Commissioners, 106 Mont. 251, 76 Pac. (2d) 648.

But the designation of the compensation in the budget is not ▮ ▮ the only way in which the board of county commissioners can exercise the power granted by section 4874, Revised Codes. Also if it chooses, the board can fix salaries of deputies and assistants by minute entry, motion, or in any of the ways employed before the passage of the budget Act. In that case the budget would not fix the salaries but only make the neecssary appropriations and set a maximum above which no salary could be increased. Sec. 4613.5. Here the board has fixed the salary of relatrix by specific act at an amount that is less than the ap-

propriation therefor. The same rules of construction apply here as would be applicable to the construction of a statute or other written instrument. City of Missoula v. Swanberg, 116 Mont. 232, 149 Pac. (2d) 248; 2 McQuillin Municipal Corporations, 2nd Ed., sec. 856.

"In the construction of a statute the intention of the legislature, and in the construction of the instrument the intention of the parties, is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." Sec. 10520, Rev. Codes 1935.

The intention to set the salary of relatrix at $150 per month is plain and unequivocal. But if there were an inconsistency between the specific determination of relatrix' salary by minute entry and the general appropriation in the budget, then the particular intent would be controlling.

When a salary schedule is adopted in the county budget the board of county commissioners is not thereby bound to pay each county employee the salary so fixed without diminution. State ex rel. Taylor v. Scofield, 184 Wash. 250, 50 Pac. (2d) 896; State ex rel. Heffernan v. Hoquiam, 186 Wash. 50, 56 Pac. (2d) 1012.

In State ex rel. Ross v. King County, 191 Wash. 340, 71 Pac. (2d) 370, and Rudnick v. Pierce County, 185 Wash. 289, 54 Pac. (2d) 409, relied upon by relatrix, the board of county commissions had not acted other than to adopt and approve the salary schedule in the budget for the fiscal year. The reduction of salaries in the King County case was made by the assessor of King County without the knowledge of the board of county commissioners and in violation of the restrictions of his budget. The board had never passed a resolution changing the salary schedule adopted in the budget. In the Pierce County case a wage scale had been fixed by the board of county commissioners for certain county employees. Certain employees were paid less

than the minimum scale adopted. Admittedly the wage scale remained unchanged by the board of county commissioners. The plaintiff employees were allowed to recover the difference between the scale set by the board of county commissioners and the amount actually paid them. The Washington court made the same ·distinction we have made, namely, that where the county commissioners established a salary in the annual budget subsequent action of the board in reducing the salary was lawful and an employee would be bound by the revised schedule. But where there was no subsequent action by the board, then the employees are entitled to be compensated at the rate designated in the budget.

It is contended that the only way in which the board of county commissioners could legally pay the relatrix a salary less than the amount appropriated in the budget was by the adoption of the resolution prescribed by section 4613.5 providing for transfer or revision within the general class of salaries and wages. But in the instant case there was no transfer or revision of the budget itself. The unexpended balance of the appropriation for the salary of the deputy clerk of the district court remains in the fund until the end of the fiscal year at which time it reverts to the general fund of the county. The resolution mentioned in section 4613.5 is only necessary when the board seeks to transfer part of the fund to another general class or revise the appropriation.

The board of county commissioners has been granted the power to fix the compensation of the relatrix and the board has exercised that power by fixing her salary at $150. She has been paid the salary so fixed.

Certain pleading and procedural points were raised but in view of this disposition of the case on its merits, it is unnecessary to discuss them.

The judgment is reversed and the cause remanded to the district court with instructions to dismiss the proceeding.

Mr. Chief Justice Adair, and Associate Justices Choate, Angstman, and Cheadle, concur.

Mr. Justice Choate, (dissenting on petition for rehearing).

After further consideration of this case, I am compelled to the conclusion that our original opinion was erroneous and that the amendments now made do not cure the error. Hence I am unable to concur in the opinion as now written or assent to the denial of the petition for rehearing.

The opinion as amended holds two things: First, that after the board of county commissioners has approved and adopted the county budget and has fixed the salaries of deputy county officers therein, they may *reduce* the salary of a particular deputy or employee under the theory that they are making "transfers or revisions within the general class of salaries and wages." Sec. 4613.5, Rev. Codes. I cannot believe that this is the law. In my view of the county budget Act, the only control that county commissioners have over the reduction of salaries once fixed by the budget is the authority to reduce same as to an entire class of county employees such as deputy clerks or other general classes of salaries or wages. Such reduction, however, must be made by resolution as authorized by section 4613.5 and not otherwise and it must apply to a class as distinguished from one office or officer. I think the action of the board of county commissioners of Gallatin county in reducing the salary of relatrix, a single county employee, without making a change in the general class of salaries and wages was illegal.

Second, the opinion as amended holds that after relatrix' salary was designated in the budget the board of county commissioners might if it chose, by minute entry, motion or in any of the ways employed before the passage of the budget Act, fix said salary at a lesser amount than that designated in the budget and that in that case the budget would not fix the salary but would only make the necessary appropriations and set a maximum above which no salary could be increased. I am unable to agree with this statement of the law. Section 4613.5 expressly

declares that such "transfers or revisions" as are relied upon in the majority opinion may be made "upon a *resolution* adopted by the board of county commissioners at a regular or special meeting, and entered upon its minutes." (Emphasis mine.) No claim is made in this case that any such resolution was adopted by the board. On the contrary the record shows that the board made the following entry in its journal: "L. E. Hayes, clerk of the district court, notified the board that he had appointed Evelyn Thompson as deputy clerk for the balance of the year 1944 to take the place of Jack Cruickshank who had been appointed acting postmaster of the city of Bozeman. The board set her salary at $150 per month." A mere entry in a commissioners' journal of proceedings does not constitute a resolution. Neither the language of the above minute entry nor its method of adoption denotes a "resolution." A resolution as the term is applied to the acts of official bodies other than legislature is defined by 54 C. J. at page 721 as "a *formal expression* of the opinion or will of an official body or a public assembly *adopted by a vote.*" (Emphasis mine.) The above definition was approved in Scudder v. Smith, 331 Pa. 165, 200 A. 601, 604, and in several other cases. Nothing *less* formal than the commissioners' minute entry above quoted could well be imagined and there is no entry in the journal showing what the vote thereon was.

I think the adoption of this minute entry was wholly ineffective to reduce relatrix' salary as theretofore fixed by the budget. The judgment of the trial court should be affirmed.

Petition for rehearing denied September 25, 1947.