[No. 1802-2.   Division Two.   June 22, 1973.]

ANTON J. MILLER, *Petitioner*, v. PACIFIC COUNTY *et al.*,
*Respondents.*

*Anton J. Miller*, pro se.

*James B. Finlay*, for respondents.

PETRIE, J.—The Prosecuting Attorney for Pacific County, Anton J. Miller, has asked this court to review an order of the Superior Court for Pacific County which dismissed his application for a writ of mandamus directed toward two of the county commissioners of that county to approve and allow for payment claims for expenses to maintain his office at Raymond, Washington, outside the county seat at South Bend, Washington.

The order of dismissal was entered after a hearing on the uncontroverted facts gleaned from the pleadings. From the pleadings and record before us, we summarize the material uncontroverted facts as follows. Anton J. Miller has been the Prosecuting Attorney for Pacific County since May, 1970. During that period of time he has performed the duties of prosecuting attorney principally in the city of Raymond, where he maintains an office. For the years 1970

through 1973, the Board of County Commissioners of Pacific County has appropriated county funds to pay for the expenses of the prosecuting attorney, including the expense to maintain the office at Raymond. So far as we know, the county commissioners have made no attempt to formally revise the prosecutor's current budget by adopting a resolution altering the appropriations previously enacted. The commissioners have, however, notified Mr. Miller by letter that they decline to provide any further money to maintain the Raymond office. In furtherance of that intention, they have refused to approve for payment claims which Mr. Miller has submitted to them for expenditures incurred in connection with the operation of the office in Raymond.

It should be noted at this point that the issue is not whether Mr. Miller maintains an office at the county seat. He contends he does; the commissioners contend that he does not. Rather, by reason of the limited method in which the matter was presented to the trial court, the issue is simply—absent a formal revision of the prosecutor's budget, do the county commissioners have the power to refuse to approve those expenses, not otherwise invalid, which the prosecutor has incurred by reason of the operation of an office in Raymond? We hold that they do not.

■ ■ Mandamus will not lie to compel the performance of acts or duties which call for the exercise of discretion on the part of public officers. Where courts do interfere, it is upon the theory that the act in question is so arbitrary and capricious as to evidence a total failure to exercise discretion, and is, therefore, not a valid act. *State ex rel. Tubbs v. Spokane*, 53 Wn.2d 35, 330 P.2d 718 (1958). County funds appropriated by the board of county commissioners to operate the various departments of county government may be validly expended for the purposes for which they have been appropriated *"Provided,* That upon a resolution formally adopted by the board at a regular or special meeting and entered upon the minutes, transfers or revisions within departments may be made." RCW 36.40.100. When the commissioners, by resolution, show a

clear purpose to effect a reduction of a department's budget, they act within the ambit of the discretionary power granted to them. *State ex rel. Taylor v. Scofield*, 184 Wash. 250, 50 P.2d 896 (1935). It would appear, however, that whenever the county commissioners attempt to "revise" a department's budget by means other than that specifically provided by statute or by necessary implication therefrom, they exceed their authority. *State ex rel. Taylor v. Superior Court*, 2 Wn.2d 575, 98 P.2d 985 (1940).

It is well settled that the commissioners do have the authority to appropriate funds to establish an additional office for the prosecutor elsewhere than at the county seat. *State ex rel. Becker v. Wiley*, 16 Wn.2d 340, 133 P.2d 507 (1943). For the purposes of this opinion, we will assume (but do not decide) that the converse of this proposition is also true—that the commissioners may, by refusing to budget for expenses of an office in another community, restrict the office facilities of the prosecuting attorney to a location within the county seat.

The issue in the case at bench narrows, therefore, into whether or not the act of the commissioners—informally notifying Mr. Miller that they decline to provide any further funds to maintain his Raymond office—constitutes a "revision" of the prosecutor's budget within the contemplation of the proviso of RCW 36.40.100. To state the proposition in this manner is to answer it. County commissioners exercise their greatest degree of control over other elected county officials through their authority to adopt a county budget. That is undoubtedly one of the reasons why the legislature has surrounded that authority with due process requirements—specificity of timing and notice of hearings, formality of the adoption procedure, and relative finality after adoption. RCW 36.40.010 through 36.40.080. It would be totally inconsistent with the formalities imposed by the budgetary act (except possibly in a true emergency) to permit an indirect attack upon the finality of the county's budget after its formal adoption.

We believe the commissioners chose a method of resolving this issue which exceeded the powers specifically delegated to them by statute and, therefore, was arbitrary. The writ of review is granted and this cause remanded to the Superior Court for Pacific County with direction to issue the writ of mandate sought by the prosecutor.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 6, 1973.

Review denied by Supreme Court September 25, 1973.