[No. 1456-3.   Division Three.   December 8, 1976.]

JOSEPH D. VANDERPOOL, ET AL, *Appellants*, v. C. J. RABIDEAU, *Respondent.*

*William R. Platts,* for appellants.

*George E. Heidlebaugh, Deputy Prosecuting Attorney,* for respondent.

GREEN, J.—Appellants petitioned the trial court for a writ of mandate to compel a coroner to change his designation as to cause of death on a death certificate from "suicide" to "accidental" or "undetermined." After an evidentiary hearing, the petition was denied. They appeal and the Coroner cross-appeals.

Appellants assign error to the trial court's finding: (1) that its review of the Coroner's certification of the cause of death is limited to the arbitrary and capricious test; (2) that the Coroner's certification was not arbitrary and capricious; and (3) that the lab and FBI reports had been received by the Coroner before his certification of the cause of death. The Coroner in his cross-appeal contends that his certification of the cause of death is not subject to review by the court.

■ First, is the Coroner correct in his contention that this matter is not subject to review? We answer in the negative. Under RCW 70.58.170, where a person dies without medical attendance, the funeral director shall present the death certificate to "the health officer, *coroner*, or prosecuting attorney having jurisdiction, who shall thereupon *certify the cause of death according to his best knowledge and belief.*" (Italics ours.) Here, the prosecuting attorney is also the Coroner. It is the Coroner's position that his duty to certify the cause of death according to "his best knowledge and belief" is a discretionary act not subject to review. We disagree.

■ It is clear that a court may issue a writ of mandamus to compel a public officer to perform a duty imposed upon that office by law. RCW 7.16.160. This applies to duties involving discretion; however,

Courts will not by mandamus attempt to control the discretion of subordinate bodies acting within the limits of discretion vested in them by law. Where courts do interfere, it is upon the theory that the action is so capri-

cious and arbitrary as to evidence a total failure to exercise discretion and is, therefore, not a valid act.

"If the court has the power to compel the board to exercise its discretion, it would seem reasonably to follow that it has the power to vacate and annul the order of such board which is not the result of the exercise of an honest discretion, but is an arbitrary and capricious action."

(Citations omitted.) *State ex rel. Farmer v. Austin*, 186 Wash. 577, 583, 59 P.2d 379 (1936). These rules are well established. *State ex rel. Brown v. Board of Dental Examiners*, 38 Wash. 325, 80 P. 544 (1905); *Stoor v. Seattle*, 44 Wn.2d 405, 410, 267 P.2d 902 (1954); *State ex rel. Craven v. Tacoma*, 63 Wn.2d 23, 26-27, 385 P.2d 372 (1963); *Miller v. Pacific County*, 9 Wn. App. 177, 178, 509 P.2d 377 (1973). The application of this standard to a coroner was outlined in *State ex rel. Lopez-Pachecho v. Jones*, 66 Wn.2d 199, 201, 401 P.2d 841 (1965):

When an administrative officer, by statute, is granted discretionary authority, the burden of establishing arbitrary and capricious conduct rests upon the party asserting it. . . . Arbitrary and capricious conduct is defined as follows:

Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

Thus, it becomes clear that even though the statute gives a coroner discretion in certifying the cause of death, the exercise of that discretion is subject to review by the courts. The scope of a trial court's review is limited to a determination of whether the discretion was exercised arbitrarily or capriciously. Where evidence has been taken in the trial court, we review that court's findings and conclusions to determine if they are supported by substantial evidence.

This brings us to appellants' contention that even if the trial court's review is limited to the arbitrary and capri-

cious test, the court nevertheless erred in refusing to find that the Coroner's determination was arbitrary and capricious because (1) the reports available to the Coroner support suicide as well as death from unknown causes; and (2) the Coroner did not have all available reports before him when certifying the cause of death.

Jacqueline Turner died October 31, 1972, in her home from a gunshot wound. The police investigation revealed that the deceased and her boyfriend had been living together; and on the morning of her death an argument occurred and the boyfriend threatened to terminate the relationship. He left for work, and on returning home discovered her body. The police determined that: the boyfriend had been at work all day, the position of the gun was consistent with suicide, no witnesses were available, and paraffin tests of the boyfriend's hands had no positive results.[1] The autopsy report states that death occurred by a gunshot wound in the abdomen at close range, and concluded the evidence is consistent with suicide. On November 13, 1972, after receipt of the police and autopsy reports, the Coroner certified the cause of death as suicide. Later, the Coroner received the FBI and toxicology reports revealing that: the bullet fragments were similar to cartridges found at the scene, no latent prints of value were developed on the rifle, and the deceased was not under the influence of drugs or alcohol at the time of death.

Appellants are technically correct when they contend the

---

[1]Ms. Turner was found in a sitting position on the east end of a couch. The report states

her left hand was across her lap. Her right hand was lying on the couch directly on the right side of her. On the couch to her right lay a large calibre rifle. The couch runs from west to east and the rifle was lying pointing east or pointing at the white female. The end of the rifle barrel was about ten inches from the white female. . . . I then observed blood on the couch which appeared to have come from her stomach or back. I then observed a bloody wound in her stomach. The wound was near the center of her stomach and appeared to be a bullet wound.

She had been dead for some time. The report also states that the boyfriend's mother told the police that Ms. Turner said that if the boyfriend tried to leave her she would kill herself.

trial court mistakenly found that the FBI and toxicology reports were before the Coroner when he certified the cause of death. However, the Coroner testified that when he received these reports, he examined them in light of his previous determination and his "best knowledge and belief" remained that the death was caused by suicide. Consequently, the trial court properly concluded that the Coroner's certification was not arbitrary and capricious.

While we may be sympathetic to the appellants' position, a careful review of the record discloses sufficient evidence to support the denial of the writ of mandate.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied January 10, 1977.

Review denied by Supreme Court May 25, 1977.